Statement.

## Wytheville.

TRIMBLE v. TRIMBLE.

JUNE 22, 1899.

Absent, Riely, J.

1. MARRIAGE AND DIVORCE—*Cruelty—Reasonable Apprehension of Bodily Hurt.*—The specifications of cruelty and reasonable apprehension of bodily hurt charged in the bill state a good case for a divorce from bed and board, and, having been sustained by proof, there is no error in the decree granting such divorce.
2. MARRIAGE AND DIVORCE—*Custody of Infant.*—On decreeing a divorce the mother is the proper custodian of an infant of seven months old.
3. ALIMONY—*Fixing Amount—Subsequent Increase or Decrease.*—Before fixing the amount of alimony to be paid by a husband for the support of his wife and infant child the court should ascertain the value of his property and the extent of his income, but, although this was not accurately done in the case in judgment, the allowance of six dollars per month will not be disturbed. If necessary to increase or diminish the amount in the future it may be done under the provisions of section 2263 of the Code.
4. ALIMONY—*Charge on Land—Injunction Against Alienation or Encumbrance.*—Sums decreed to be paid as alimony should be charged upon the lands of the husband, but it is error to enjoin him from disposing of or encumbering his real estate, unless the facts of the particular case show it to be necessary or proper.

Appeal from a decree of the Circuit Court of Grayson county, rendered October 27, 1896, in a suit in chancery, wherein the appellee was the complainant, and the appellant was the defendant.

*Amended and affirmed.*

The opinion states the case.

*D. W. Bolen,* for the appellant.

*Robert Crockett* and *R. L. Kirby,* for the appellee.

BUCHANAN, J., delivered the opinion of the court.

The first assignment of error is to the action of the court in overruling the demurrer to the bill. The suit was brought by the wife, the appellee, to obtain a divorce from bed and board. The bill, among other things, charges that, without fault on the part of the complainant, her life for two years prior to the institution of her suit had been one of constant annoyance and abuse from her husband and his sister and niece, who resided with him; that every kind deed or word she could offer him was repulsed with scorn, and often with abusive words and offensive epithets; that she was forbidden by her husband from opening her mouth in any way about the treatment she was receiving; that he charged her with improper conduct with other men when he knew the charge was false; that a few months before the institution of this suit, in April, 1896, when his niece threatened to kill complainant, and had picked up a chair and started · towards her, her husband, who was present and observed this conduct, refused to protect her from the intended assault; that being thus forsaken by her husband, and her health and life being in apparent danger, she ran out of the house, when her husband followed her, carried her back by force, struck and beat her in a very violent manner with his open hands; that when she made an effort to get away from him and secure herself from danger he threatened to tie her, and had a rope brought for that purpose, but afterwards abandoned his purpose and locked one of the doors to the room which they were in and stood in the other, thus keeping her confined until he sent a

mile or more for one of the neighbors to carry her away from his home, and that during all this time her husband cursed and abused her in a violent manner; and that day, after her husband had told her he would never live with her another day, she and her clothing were packed in a wagon and driven to her father's by a neighbor's boy at her husband's request.

These allegations, if proved, were clearly sufficient to entitle her to the divorce prayed for, and the demurrer was properly overruled.

The second error assigned is that the evidence does not sustain the allegations of the bill. It is true that as to some of its allegations there is an entire want of proof, and that as to others there is much conflict in the evidence; but it satisfactorily appears from the record that the husband was cruel to his wife; that he struck her with his open hands until there were bruises upon her person; that he threatened to tie her and had a rope brought for the purpose but afterwards abandoned it, and contented himself with locking·one door of the room in which they were, and standing in the other until he could send for a neighbor to take her to her father's; that when the neighbor came he was told by the husband that his wife had been quarrelling all night; that he never expected to live with her another day; that she had to leave or that he would; that when the neighbor suggested that they ought to forgive each other and be reconciled, the wife got upon her knees and asked to be forgiven for anything wrong that she had done, stating that she did not wish to ·go to her father's, that he was unable to take care of her, but the husband refused to be reconciled, stating that he was not going to try to live with her; that on the same evening the wife and their infant child, together with her clothing, were taken to her father's house in a conveyance furnished by the husband, where she has since remained, so far as the record shows.

Although the record shows that the wife did not behave at all times as she should, yet we cannot say that the case made did

not warrant the Circuit Court in granting her a divorce from bed and board.

The decree provided that the husband should pay her fifty dollars as temporary alimony, and seventy-two dollars annually, payable quarterly, for the support and maintenance of herself and her infant child, of which she was given the custody, and to secure its payment authorized execution to issue, and restrained the husband from disposing of or encumbering his real estate.

Decreeing the custody of the infant child to the wife is assigned as error.

The bill avers that the child was only seven months old at that time. This is not denied. No argument is required to show that the mother is the proper custodian of a child of that age.

The next error assigned is that alimony was decreed without accurate proof of the value of the husband's estate and resources, and of the amount of rents and profits derivable therefrom.

The record shows that the husband is the owner of a tract of land containing about 100 acres, which is worth from $1,000 to $1,500, two horses, and other personal property of no great value. It also appears that he is an able-bodied man, about thirty-five years of age. In his answer he claims that he owed some debts, but of this there is no proof.

It would have been better, before fixing the amount which the husband should pay towards the support and maintenance of his wife and child, to have ascertained more accurately the value of his property and the extent of his income.

Six dollars per month, the amount allowed, would seem, however, to be as small a sum as the court could properly decree for the support and maintenance of his wife, (who was shown to be in poor health) and his infant child. That sum, together with such labor as the wife could perform in addition to caring

for her infant, would scarcely be sufficient to provide them with food, shelter, and raiment.

We are of opinion that the husband has no just ground of complaint as to the amount decreed under the conditions existing when the decree was entered. There may be, however, such changes in his condition, or that of his wife and child, as would render it proper to decrease or increase that amount. Such change, if it becomes necessary, can be made under section 2263 of the Code which provides that in a case like this the court may, from time to time, after decree, " on petition of either of the parties, reverse and alter such decree concerning the care, custody, and maintenance of the children, and make a new decree concerning the same as the circumstances of the parents and the benefit of the children may require."

In order to secure the payment of the sums decreed to be paid to the wife, the husband was perpetually enjoined and restrained from disposing of or encumbering his real estate. This was error. There was nothing in the record to show that it was either necessary or proper. It was imposing conditions upon him which were harsh and oppressive, and might seriously interfere with his ability to pay what he was required to pay.

The sums decreed to be paid the wife from time to time should have been made a charge upon the land in the bill and proceedings mentioned. This would have secured their payment, and been less burdensome upon the husband. The decree will be amended in this respect, and as amended affirmed.

*Amended and affirmed.*