## Richmond.

### LOVEGROVE V. LOVEGROVE.

#### November 18, 1920.

1. ALIMONY—*Real Property.*—The general rule is that a wife is not entitled to have any specific parcel of real estate assigned as her own. Alimony is usually an allowance in money out of the husband's estate, but not the estate itself. Although the decisions are not harmonious, the very great weight of authority is to the effect that unless there is express statutory authority therefor, the court possesses no power to vest in the wife title to a specific portion of the husband's real estate as alimony.

2. ALIMONY—*Real Property—Case at Bar.*—In the instant case the wife complained of the allowance of $30 per month alimony, and urged that that portion of the decree should be reversed, and that she should be allowed to remain with her infant children in the residence of her husband. The husband's property was not estimated to exceed $5,000 in value, and his earning capacity was $2.50 per day.

    *Held:* That while not deciding that there could be no case in Virginia in which the trial court, in the exercise of its discretion, could permit a wife with her infant children to occupy a specific dwelling house owned by her husband, yet there was no reason, when all the circumstances were considered, for departing from the general rule, as to the right of a wife upon divorce in her husband's realty.

3. DIVORCE—*Alimony—Discretion of Trial Court.*—The trial court has a very broad discretion in fixing the amount of alimony, and the appellate court will not interfere with such discretion unless it is clear that some injustice has been done.

4. DIVORCE—*Alimony—Finality of Decree as to Support of Children.*—A decree allowing alimony to a divorced wife is not a final and irrevocable settlement of her right to support for herself and infant children, as section 5111 of the Code of 1919 expressly provides that the court may from time to time revise and alter such decree concerning the care, custody, and maintenance of the children, and make a new decree concerning the same.

Appeal from a decree of the Circuit Court of Rockbridge county in a suit for divorce. From that portion of the decree fixing alimony, the wife appeals.

*Affirmed.*

The opinion states the case.

*Hugh A. White,* for the appellant.

*Wallace Ruff,* for the appellee.

PRENTIS, J., delivered the opinion of the court.

A. J. Lovegrove instituted a suit for divorce against his wife, the appellant. She filed her answer and cross-bill. A great deal of testimony was taken, and the trial court granted her a divorce *a mensa et thoro* from her husband, upon the ground of cruelty. While much of the briefs is taken up with undertaking to show which was most responsible for their matrimonial infelicity, neither party has appealed from the decree of divorce, and hence we shall give this question no attention.

The appellant, the wife, complains of the allowance of $30 per month alimony, and urges that this portion of the decree should be reversed, and that she should be allowed to remain with her infant children in the residence of her husband. This property consists of a dwelling house and twenty-four acres of land, and constitutes the only real estate which he owns. It is alleged by the appellant to be worth at least $3,500, and it is also said that he has personal property, making his entire state worth about $4,800, though the proof as to these values is hardly satisfactory, and is controverted by the appellee. The little farm does not require all of the husband's time, and it is said that he

can work at his trade as a carpenter and cooper, and as a farm hand, and earn at least $2.50 a day. At the time the decree was entered, there were eight living children, and five of them were infants, but of these five the oldest is now twenty-one years of age, and the next between nineteen and twenty. Of the other three infants, one is a boy now between thirteen and fourteen years old, another a boy about ten years old, and the youngest a girl about seven years old. The chief complaint is that the court directed the wife to surrender the dwelling house, and this is a great hardship, but it cannot be avoided except by creating another, that is, the exclusion of the husband from his own home.

[1] The general rule is that a wife is not entitled to have any specific parcel of real estate assigned as her own. Alimony is usually an allowance in money out of the husband's estate, but not the estate itself. Although the decisions are not harmonious, the very great weight of authority is to the effect that unless there is express statutory authority therefor, the court possesses no power to vest in the wife title to a specific portion of the husband's real estate as alimony.

In *Almond* v. *Almond,* 4 Rand. (25 Va.) 668, 15 Am. Dec. 781, it is said: "Now, the claim of the wife for alimony is a personal claim on the husband; she has no lien on any specific property, without an agreement. She can no more, therefore, ask the court to assign her this negro, or that tract of land, than a creditor of the husband could come into court and ask such assignment; which we know, without a particular lien, could not be done."

These cases are also instructive: *Purcell* v. *Purcell,* 4 H. & M. (14 Va.) 517; *Fall* v. *Fall,* 75 Neb. 120, 106 N. W. 412, 113 N. W. 175, 121 Am. St. Rep. 767; *Ecker* v. *Ecker,* 22 Okla. 873, 98 Pac. 918, 20 L. R. A. (N. S.) 421; *Reynolds* v. *Reynolds,* 68 W. Va. 15, 69 S. E. 381, Ann. Cas.

1912A, 889, and note; *Brenger* v. *Brenger,* 142 Wis. 26, 125 N. W. 109, 135 Am. St. Rep. 1050, 19 Ann. Cas. 1136, 26 L. R. A. (N. S.) 387, 19 C. J. 262, 1 R. C. L. 926.

[2] While we are unwilling to say that there can be no case in Virginia in which the court, in the exercise of its discretion, could permit a wife with her infant children to occupy a specific dwelling house owned by her husband, still we do not find any sufficient reason in this case for departing from the general rule.

Considered then from the strictly financial point of view, it appears that a pecuniary allowance of $360 per year as alimony to be paid by a husband whose property is estimated as not exceeding $5,000 in value, and whose earning capacity as a mechanic is $2.50 per day, is fair to the wife; and there are a number of precedents in Virginia which support this conclusion. Among them are *Bailey* v. *Bailey,* 21 Gratt. (62 Va.) 43; *Cralle* v. *Cralle,* 84 Va. 203, 6 S. E. 12; *Heninger* v. *Heninger,* 90 Va. 274, 18 S. E. 193; *Owens* v. *Owens,* 96 Va. 191, 31 S. E. 72; *Trimble* v. *Trimble,* 97 Va. 217, 33 S. E. 531; *Kiser* v. *Kiser,* 108 Va. 730, 62 S. E. 936.

[3] Then there is another general rule universally accepted, to the effect that the trial court has a very broad discretion in fixing the amount of alimony, and that the appellate court will not interfere with such discretion unless it is clear that some injustice has been done. *Harris* v. *Harris,* 31 Gratt. (72 Va.) 16; *Miller* v. *Miller,* 92 Va. 196, 23 S. E. 232; *DeRuiter* v. *DeRuiter,* 28 Ind. App. 9, 62 N. E. 100, 91 Am. St. Rep. 107; *Muir* v. *Muir,* 133 Ky. 125, 92 S. W. 314, 28 Ky. L. R. 1355, 4 L. R. A. (N. S.) 909; *Bialy* v. *Bialy,* 167 Mich. 559, 133 N. W. 496, Ann. Cas. 1913A, 800

[4] In considering the circumstances of this wife, divorced in response to the prayer of her own cross-bill against her husband, it should be noted that she is a woman

.in the prime of life, strong, well and capable; that she has five grown children, two of whom are men, with all of whom she is friendly; that her fourteen-year-old boy, if not self-supporting now, soon will be; and that the decree of which she complains is not a final and irrevocable settlement of her right to support for herself and infant children, because the statute (Code 1919, sec. 5111) expressly provides as to such a decree as the one here under review, that "the court may from time to time afterwards, on petition of either of the parents, revise and alter such decree concerning the care, custody, and maintenance of the children, and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require. So that such a decree can never be construed as a final acquittance of a father of his obligation to support his infant children to the extent of his financial ability. The allowance here, while called alimony, is the only allowance made to the wife, who is also awarded the possession, control and maintenance of the infant children. If, therefore, the wife can show that the husband's circumstances justify an increase in the allowance, she has the clear right to file her petition, and upon showing that in equity and good conscience the amount should be increased, it would be the duty of the trial court to do so.

Our conclusion, then, is that we cannot justify ourselves in excluding the husband from his own and his only home, notwithstanding the very great hardship which is imposed upon his wife and their infant children by being forced to vacate it. This is a condition which is brought about by the unfortunate circumstances in which both parties find themselves. Their future comfort cannot be attained by decree of court, for the law has no power to control the human will. This depends upon themselves alone. The duty to maintain, nurture and train their younger children rests equally upon both. This joint duty may be evaded but there

is only one way by which it can be properly discharged by both. That way is by a reconciliation followed by co-operation and mutual forbearance.

A careful consideration of the record before us fails to convince us that any legal right of the appellant has been denied her, and the decree will, therefore, be affirmed.

*Affirmed.*