# Richmond

## Thomas T. Hulcher v. Agnes B. Hulcher.

January 13, 1941.

Record No. 2302.

Present, Holt, Hudgins, Gregory, Browning, Eggleston and Spratley, JJ.

*J. Vaughan Gary* and *William M. Blackwell,* for the appellant.

*John H. Guy* and *Brockenbrough Lamb,* for the appellee.

SPRATLEY, J., delivered the opinion of the court.

This proceeding is an incident of a divorce suit which has been pending in the trial court for more than twenty-five years. The sole question here involved is the propriety of a decree of February 2, 1940, directing the payment of $35 a month as alimony.

A complete record of the proceedings throughout the entire course of the suit, before two trial judges, is not available, since the evidence upon the merits of the case for divorce and upon many of the frequent motions and petitions filed therein was taken *ore tenus,* and not reduced to writing, or if reduced to writing, was not filed. However the pleadings in the case, all of the decrees of the court, and the evidence of the situation and circumstances of the parties at the time of the decree complained of are certified to us.

Mrs. Agnes B. Hulcher filed her bill for divorce on June 7, 1915, upon the grounds of cruelty and desertion. On the same day, a decree was entered enjoining Hulcher from interfering with and molesting his wife and children or disposing of his property. That injunction was

renewed from time to time and finally made perpetual on November 21, 1925.

A decree of divorce *a mesna* was granted her on December 21, 1915. She was then awarded $35 a month alimony and the custody of the three children of the marriage, a boy and two girls, respectively five, four and two years of age.

On December 18, 1916, the alimony was increased to $45 a month. In November, 1919, the alimony was fixed at $60 a month. In November, 1925, the decree from bed and board was merged into a decree from the bonds of matrimony, and the alimony of $60 a month continued. The children were then fifteen, fourteen and twelve years of age.

Hulcher filed an answer and cross-bill to the suit for divorce. He opposed every motion for the allowance of alimony, and in addition filed several petitions for relief therefrom. In opposing an allowance for alimony, he claimed that he was unable to make provision for its payment by reason of his poverty and poor health. He made statements, with reference to his business, which were frequently contradicted. However, he did, from November, 1919, until April, 1933, pay $60. From the later date he paid $50 a month, relying upon a disputed verbal statement of the trial judge as a justification for the reduction.

On November 4, 1939, Hulcher filed a petition praying that the alimony previously awarded be abated, on the grounds of the changed financial condition of the parties and his inability to pay alimony by reason of poor health and poverty. Mrs. Hulcher filed her answer. The evidence was taken *ore tenus*. The trial court, on February 2, 1940, granted Hulcher relief in part. It directed that he pay $50 for the month of January, 1940, and the sum of $35 per month thereafter beginning with February, 1940, and dismissed the case from the docket, with leave to either party to reinstate the same for good cause. The court, in a written memorandum of opinion

filed with the decree, said that the testimony showed that there had been a change in the status of the parties, since all of the children had become adults, and that it appeared that Mrs. Hulcher was in a better financial condition than her former husband.

The evidence upon this last hearing is as follows:

Hulcher is fifty-five years of age. He has, for the past twenty-five years, operated a small machine shop of limited capacity, from which he estimates his income, at present, to be around $100 a month. He teaches at the Virginia Mechanics Institute, for which he receives a salary of $40 a month for eight months of the year. He has no other income and owns no property, real or personal, other than his personal effects, the machinery in his shop, and an old automobile. He has no bank account and owes approximately $1,500, including arrearages in rent on his machine shop. His physical condition is somewhat impaired.

Mrs. Hulcher is fifty-four years old and in bad health. She suffers from extreme nervousness and recurrent heart attacks. In 1924, she inherited from her deceased father a fractional interest in his estate. That interest, in the course of time, due to the expense of providing for her family and to depreciated investments, has been so reduced that she now receives a net income from inherited real estate amounting to only about $25 a month. She lives in the home of her unmarried daughter and does her own work, such as washing and cleaning, to the extent that her physical condition permits.

The three children are now adults, the youngest, an unmarried daughter, being twenty-six years old. She is employed as a teacher, and owns her home; but owes the sum of $4,000, which she has borrowed. The two oldest children are married and are employed. With the assistance of their mother and relatives and of scholarships awarded them, they were each able to secure a college education.

 Hulcher contends that, in view of the foregoing

circumstances and the finding of the trial judge that his wife was in a better financial condition than himself, it was error to require him to pay any alimony.

The record shows that he contended for a reduction of alimony because of the improved financial condition of Mrs. Hulcher after her 1924 inheritance, when the decrees of 1931 and 1935 refusing to reduce the alimony from $60 were handed down. He did not appeal from those decrees, although he was represented then, as now, by able and experienced counsel. It must be taken that the facts and circumstances justified the continuance of the alimony by those decrees, even though in 1935 the children were of full age and Mrs. Hulcher had been for ten years in the possession of some independent means from her father's estate.

The statement of the trial judge that Mrs. Hulcher is in a better financial condition than Hulcher must be considered in a broad sense and in the light of all the facts in the case. In one sense, Mrs. Hulcher's financial condition is better, because she owes no money and has an income of $25 per month. However, she has no earning capacity and is unable to engage in any profitable occupation by reason of her years and health. On the other hand, Hulcher is still pursuing his lifelong avocation, and has an admitted income of approximately $125 per month.

Alimony is founded upon the natural and legal duty of the husband to support his wife. It is not intended as a penalty against him, nor as a reward for her virtues. There being no fixed standard of measurement, it rests in the sound judicial discretion of the court. While the financial condition of the husband is important, it is only one of the essentials in determining the amount. There must also be taken into consideration the needs of the wife, the husband's ability to pay by virtue of his earning capacity, and all other circumstances of the particular case. It is neither necessary nor essential to show that he is possessed of tangible property. The

husband is not relieved of the obligation merely by reason of the fact that the children of the marriage are able to take care of themselves and to make some provision for the support of their mother.

Considerable weight must be attached to the judgments of the learned trial judges who, in each of the eight instances when the question of alimony was before them, had the benefit of seeing and hearing the witnesses who testified. It is apparent that the last trial judge, in entering the final decree complained of, gave consideration to all of the surrounding circumstances essential to a proper determination of the question involved. The status of the parties has undergone little change in the years since 1935, except that each has grown older and the separate estate of Mrs. Hulcher has grown less. The children were then of full age.

A substantial reduction was granted to Hulcher. The $35 per month directed to be paid by him, when added to the $25 per month income of Mrs. Hulcher, allows her altogether the sum of about $2 per day. Hulcher has left for his own use the sum of $90 per month, which, perhaps, by the exercise of energy in his business, under existing conditions, may be enlarged.

The cases of *Barnard* v. *Barnard,* 132 Va. 155, 111 S. E. 227, and *Babcock* v. *Babcock,* 172 Va. 219, 1 S. E. (2d) 328, are not apposite in facts. It is sufficient merely to say that in those two cases the women had opportunities for earning a livelihood, whereas no such prospect appeared for Mrs. Hulcher. The income Mrs. Hulcher received from an inherited estate was taken into consideration and used as a basis for the reduction granted her former husband.

Mrs. Hulcher assigns cross-error to the action of the chancellor in hearing the petition for reduction of alimony, while Hulcher was in partial default of the payment of the allowance in the decree of 1931. The trial judge who, in 1935, heard his petition for a reduction of the award allowed in 1931, did not grant the request.

There is some evidence that that judge did make a remark at the conclusion of that hearing that if "the man can't pay $60, pay $50." Hulcher thereafter paid $50 per month. There was no complaint made by Mrs. Hulcher to the court of his failure to pay $60 until the petition of 1939 was filed for abatement of the alimony. There was no court action against Hulcher by means of contempt proceedings, and, consequently, no opportunity for him to purge himself of contempt, if he could. Mrs. Hulcher appears by her silence, in the meantime, to have acquiesced in the payment of $50 instead of $60.

Hulcher's default in payment of the full amount directed by decree was only a circumstance to be considered on the motion to deny him the right to be heard on his petition for reduction of the alimony. The decision of that question was a matter also within the sound discretion of the trial judge. Under the circumstances of this case, he did not abuse that discretion.

Giving full effect to the evidence upon the point in issue, and to the weight to be attached to the judgment of the trial judge, we find no error in the decree of February, 1940, and that decree is affirmed.

*Affirmed.*