# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## LAURA VIRGINIA WILSON v. EARL S. WILSON.

November 24, 1941.

Record No. 2387.

Present, All the Justices.

428

The opinion states the case.

*Sam W. Nathan* and *Herman A. Sacks,* for the appellant.

*A. A. Bangel,* for the appellee.

CAMPBELL, C. J., delivered the opinion of the court.

This appeal brings under review a decree entered by the chancellor of the circuit court, denying appellant alimony in a divorce suit then pending in said court.

The appellee has moved this court to dismiss the appeal, on the ground that it was improvidently allowed.

The basis of the motion is stated thus: "The Supreme Court of Appeals does not have jurisdiction to hear this case. This was not a controversy involving Three Hundred Dollars exclusive of costs and was not otherwise appealable. Sections 6336-6337 of the Code."

Though this court has repeatedly dealt with the question, the cases involving the power of a court of equity to allow alimony regardless of the amount involved, were not cited in the petition or the brief.

■ It is the settled doctrine in this Commonwealth that a court of equity, without regard to statute, has the absolute power to allow alimony, either in a suit for divorce, or in a suit for alimony alone.

■ The power of the court to allow alimony is not dependent upon the pecuniary amount involved, but is derived by virtue of its elastic power to deal with a matter of public interest, regardless of the amount involved.

In *Heflin* v. *Heflin*, 177 Va. 385, 14 S. E. (2d) 317, Mr. Justice Gregory, in a most illuminating opinion, has marshalled all the Virginia cases dealing with the power of a court of equity to allow alimony pursuant to the provisions of section 5111 of the Code, or by virtue of its inherent jurisdiction.

■ Therefore, it follows as a corollary that, since a court of equity has inherent jurisdiction to award alimony, either within or without the provisions of section 5111 of the Code, the contention of appellee is without merit and the motion to dismiss is overruled.

Appellant assigns as error the entry of the decree denying continued payment of alimony.

The facts set forth in the petition, and not denied, are as follows:

"In the early part of 1938, appellant instituted a suit for divorce against the appellee, her husband, in the Circuit Court of the City of Norfolk, on the grounds of cruelty and desertion, to which suit the appellee filed an answer and cross-bill. The trial court, after hearing all the evidence, decided that the appellee was guilty of cruelty and desertion as alleged in the bill of complaint, and awarded appellant a decree of divorce *a mensa et thoro* on said grounds; and the trial court, pursuant to the prayer therefor in the bill of complaint, awarded appellant alimony at the rate of $10.00 per week for one year commencing February 18th, 1938, reserving the right to change said decree as to alimony at the end of the year if the circumstances required it. On the 8th day of April, 1939, the trial court entered another decree in the aforementioned suit, extending the alimony for a further period of six months and reserving the right to change this last mentioned decree as to alimony at the end of said six months 'if the circumstances shall make

proper.' On the 4th day of November, 1939, the trial court entered another decree extending the payment of alimony for a further period of six months from the date thereof and reserving the right to change said decree as to the alimony at any time the circumstances shall require it. On July 13th, 1940, after the expiration of the last six months' period for the payment of alimony, as heretofore set out, and after due notice to the appellee, appellant again applied to the trial court for the further extension of alimony. The uncontradicted evidence in support of said last mentioned petition was that appellant was without funds and means to support herself; that she had no income from any source other than the alimony she had been receiving from her husband; that both her parents were dead; that she had been unable to find employment; that she was in need of medical care, but was without funds to secure the same; that she was taking treatments from a doctor and that she was without funds to continue those treatments.; that she was unable to work on account of her health; that the appellee had no dependents upon him and was earning $50.00 per week as an employee at the United States Navy Yard."

The question for determination is, did the trial court, in denying the prayer of appellant's petition for a continuance of the payment of alimony by appellee abuse its discretion?

In *Lovegrove* v. *Lovegrove*, 128 Va. 449, 104 S. E. 804, Judge Prentis said:

"Then there is another general rule universally accepted, to the effect that the trial court has a very broad discretion in fixing the amount of alimony; and that the appellate court will not interfere with such discretion unless it is clear that some injustice has been done."

See also *Capell* v. *Capell*, 164 Va. 53, 178 S. E. 897; *Hughes* v. *Hughes*, 173 Va. 293, 4 S. E. (2d) 402; *Babcock* v. *Babcock*, 172 Va. 219, 1 S. E. (2d) 328.

In support of the allegation in the petition of appel-

lant, that the evidence is uncontradicted, the certificate of the trial judge, certifying all the evidence introduced in the case, is made a part of the record and is on all fours with the statement of facts, *supra*.

 While it is true that the exercise of a sound discretion by the trial court will not be disturbed by this court, it is also true that the exercise of an arbitrary discretion by the trial court will not be permitted.

As we view the record, there is not the slightest intimation that appellant had deposed falsely. Her statements that her parents were dead; that she was unable to find employment; that she was in need of medical care; that she had no income; and that appellee was earning fifty dollars per week, need no amplification.

 It was, in our opinion, the duty of the court to award alimony and counsel fees in an amount warranted by the exigencies of the case.

As the decree must be reversed and the cause remanded, we express no opinion as to the allowance of counsel fees, in either the trial court or in this court.

*Reversed.*

HUDGINS, J., dissenting.

The motion to dismiss the appeal on the ground that this court is without jurisdiction presents the first question to be determined.

The basis for the motion is that the amount in controversy is less than the jurisdictional requirement. Code, sec. 6337, enacted pursuant to the mandate contained in sec. 88 of the Constitution, eliminates the power of this court to review the judgments and decrees or orders of trial courts when the controversy is "for a matter less in value or amount than three hundred dollars, * * * unless there be drawn in question a freehold or franchise or the title or bounds of land, or the action of the State corporation commission, *or some matter not merely pecuniary.*" (Italics supplied.)

The decree from which this appeal was allowed denies the appellant, a wife, the payment of $10 a week alimony. It is true that the weekly payments sought would not total thirty weeks on the date the decree was entered, but the question of a husband's obligation to provide support and maintenance for his wife or children is a matter of public interest and involves more than a matter merely pecuniary. The inherent power of courts to decide questions of alimony, discussed in *Heflin* v. *Heflin,* 177 Va. 385, 14 S. E. (2d) 317, as I understand the opinion, was confined to the power of courts of equity of original jurisdiction and was not intended to apply to the appellate jurisdiction of this court in such matters.

The second question involved is whether the record in this case shows that the chancellor has abused the legal discretion to grant or withhold payment of alimony.

It appears that on the 23rd of February, 1938, a divorce *a mensa et thoro* was granted the wife from her husband, Earl Sterling Wilson. In the same decree the husband was ordered to pay the wife the sum of $10 per week for a limited period, namely, one year. On April 8, 1939, on motion of the wife, the payment of this sum was extended for a period of six months "to enable the complainant to obtain employment." On the 4th of November, 1939, the payment of the same sum as alimony was extended for another six-month period for the same purpose and with the same reservation.

On the 13th day of July, 1940, petitioner again applied for an extension of time for the payment of alimony. The chancellor refused the prayer, stating: "This cause came on this day to be heard on the petition of the complainant praying that the court amend the decrees heretofore entered in this cause and extend the time for the paying of alimony to complainant by the defendant, and the court having heard evidence in open court and argument of counsel, doth deny said prayer * * *."

It thus appears from the four decrees that the chancellor was convinced from the evidence introduced before him, and not made a part of the record, that the wife was not entitled to permanent alimony. Twice the court extended the payment for six months, stating each time that it was for the purpose of enabling the wife to obtain employment. On the fourth application for alimony, the only evidence offered by the appellant was her own testimony. She stated that she was without funds and means to support herself, that she had no income from any other source, that she had been unable to find employment, and that she was in need of medical care and attention.

It is apparent that the trial court, in deciding the issue presented, considered testimony which had been offered before it on other occasions, and that it did not consider the testimony of the appellant herself sufficient to justify the court in extending the time in which the husband should pay the wife alimony. Before this court is the petition of the wife, supported by the testimony of herself and nothing else. Technically, if we confine our attention solely to this petition and the testimony, and eliminate from our consideration that part of the record which preceded the petition, it is sufficient to sustain the prayer.

The record presents a series of hearings on the same issue. On every hearing except the last, evidence for each of the parties seems to have been introduced. Every decree reveals that the trial court entertained no doubt as to the fact that, from the evidence then before the court, the wife was not entitled to permanent alimony. She was allowed temporary alimony for the purpose of assuring her maintenance and support while she adjusted herself to the new situation brought about by a disagreement with her husband. None of this evidence was preserved except the testimony of the wife given in support of the last petition, which was similar in all respects to others filed.

Under the circumstances, if the decree is reversed, as the majority opinion holds it should be, then litigants, in order to preserve their rights, will be forced to the expense of making all the evidence on each hearing a part of the record, or trial courts will be forced to assume the unnecessary burden of hearing again and again the same evidence theretofore introduced and perfectly well known to them. The inevitable conclusion of the majority seems to me to unnecessarily delay the final determination of causes and tends to increase the expense of litigation, as well as to be deciding issues on a partial view of the evidence before the trial court.

For these reasons, it seems to me that the decree of the trial court should be affirmed.