# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

## SARAH REBECCA ANDREWS WHITE v. JOHN HUMBER WHITE.

March 8, 1943.

Record No. 2622.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and
Spratley, JJ.

The opinion states the case.

*Lowry & Radford*, for the appellant.

No appearance for the appellee.

HOLT, J., delivered the opinion of the court.

Sarah Rebecca Andrews, whose home had been in Bedford county, Virginia, and John Humber White were married in North Carolina on February 28, 1922. She afterwards came to Virginia and taught school for two sessions —1922-23 and 1923-24—at Faber. Her husband lived with her for the first year. He then went to work at Roanoke, and she went to live with him there. They then returned to North Carolina.

He left North Carolina in November, 1939, and went to Norfolk. From there he went to Newport News and obtained a job in a shipyard in that city. Mrs. White came to Bedford about the first of September, 1939. Of this

marriage two children were born. She brought them with her to Bedford and still has them. In North Carolina a warrant was issued against him, charging non-support and abandonment. He was ordered to pay $5.00 a week for the support of his wife and children. Little attention was paid to this order, and other warrants were afterwards repeatedly issued, but upon his promise to do better, nothing further was done.

In November, 1940, she filed in the Circuit Court of Bedford county her bill in this case, in which she alleged abandonment and non-support. She asked that a divorce *a mensa et thoro* be granted, to be merged at the expiration of two years into a divorce *vinculo matrimonii*. She asked, also, that the custody of the children be awarded to her; that she be allowed reasonable counsel fees, alimony and a suitable sum for the support of their children; and for general relief.

Process was served upon the defendant in Norfolk, but the defendant neither appeared nor answered.

On December 14, 1940, a decree from bed and board was entered. Mrs. White was awarded the custody of their children, and the husband was directed to pay to his wife $70.00 a month for their support and maintenance, payable in semi-monthly installments of $35.00 each, payments to commence on December 23, 1940. Power to modify these payments was reserved. Mr. White was also ordered to pay costs incurred, including a $50.00 fee to counsel.

It was afterwards suggested to the court that he had not complied with its order, and on January 28, 1941, he was summoned to appear to show cause why he should not be attached and fined for his contempt. He answered that summons, and by petition of February 20, 1941, he prayed that the decree of divorce entered on December 14, 1940, be set aside as void. He said that when this suit was instituted he was a resident of Norfolk, and that, under Code, section 5105, the court was without jurisdiction to enter any decree. His petition winds up with this prayer:

"This respondent respectfully prays that the said decree of December 14, 1940, be annulled, and the same declared void; that this cause be reinstated upon the docket, and the same ordered remanded to rules and process duly served upon Sarah Rebecca Andrews White, and that she be required to answer the same, though not under oath, the oath being hereby waived; that he may be granted such other, further and general relief as the nature of his case may require or to equity may seem meet."

Petitioner does not charge that he is financially unable to comply with the provisions of the decree of December 14, 1940, nor does he dispute the wife's claim that she is in necessitous circumstances.

On January 29, 1942, on this petition, the court entered a decree, which in part reads:

" * * * the court being of the opinion that this court is without jurisdiction to grant a divorce *a mensa et thoro*, or to determine any of the issues involved in said suit, the court doth adjudge, order and decree that the decree heretofore entered in this cause on December 14, 1940, is null and void, and the court doth order that the same be stricken from the docket."

■ ■ The power to grant divorces in Virginia is purely statutory. Section 63 of our Constitution reads: "The General Assembly shall confer on the courts power to grant divorces," etc. From this it follows that the courts have no power except such as is in this manner conferred upon them. *Blankenship* v. *Blankenship*, 125 Va. 595, 100 S. E. 538; *Chandler* v. *Chandler*, 132 Va. 418, 112 S. E. 856; *McCotter* v. *Carle*, 149 Va. 584, 140 S. E. 670; *Bray* v. *Landergren*, 161 Va. 699, 172 S. E. 252; *Richardson* v. *Richardson*, 8 Va. Law Reg. (N. S.) 257, opinion by that able jurist, Judge Beverley T. Crump.

Prior to 1857, the ecclesiastical courts of England alone had jurisdiction to grant a divorce *a mensa*. *Gloth* v. *Gloth*, 154 Va. 511, 153 S. E. 879, 71 A. L. R. 700. They had no power to grant a divorce *a vinculo*, except for causes which

rendered the marriage void *ab initio*. 1 Minor's Inst., p. 302; note, 60 Am. Dec. 667.

When the ecclesiastical courts were abolished their jurisdiction in cases of divorce and separate maintenance devolved, as a matter of necessity, upon the chancery courts. 1 R. C. L., p. 876.

It is contended that equity courts have from that source inherited power to grant a divorce *a mensa*. And it is further contended that this jurisdiction has not been ousted by subsequent statutory enactments.

In *Buchanan* v. *Buchanan*, 174 Va. 255, 6 S. E. (2d) 612, it is said:

"Courts of equity, having such jurisdiction before the enactment of the statute * * * still retain it although the statute may furnish a complete and adequate remedy at law. Courts of equity, having once acquired jurisdiction, never lose it because jurisdiction of the same matters are given to law courts, unless the statute giving such jurisdiction use prohibitory restrictive words."

Such prohibition our statute provides by necessary implication. Code, section 5115, permits the merging of a divorce *a mensa* into a divorce *a vinculo* at the expiration of two years. No such power exists under any inherited equity jurisdiction.

It is conceded that the trial court had no power to grant a divorce *a vinculo*, and yet if it was proceeding under any inherited power, it might do that very thing; and this is the prayer of the bill. It follows that statutes dealing with divorces, either *a mensa* or *a vinculo*, are both equally comprehensive and are exclusive and inclusive.

Code, section 5105, provides in part that "the suit, in either case," (for annulment or divorce) "shall be brought in the county or corporation in which the parties last cohabited, or (at the option of the plaintiff), in the county or corporation in which the defendant resides, if a resident of this State, * * * "

This jurisdictional requirement, independent of all authorities, is too plain to be misunderstood.

▇ The parties did not last cohabit in Bedford; the plaintiff lived there, and the defendant lived in Norfolk when this suit was instituted. The trial court was plainly right in holding that the decree for a divorce was void, and since it is void no plea in abatement is necessary. Want of jurisdiction appears in the bill itself. *Blankenship* v. *Blankenship, supra.*

▇ ▇ Alimony is not merely an incident of divorce; it is a substantive right, which may be decreed to any wife under a given state of facts. This inherited power of equity courts, independent of any statutes, still exists and may be enforced in a suit brought for that purpose alone. *Bray* v. *Landergren, supra; Heflin* v. *Heflin,* 177 Va. 385, 14 S. E. (2d) 317; *Wilson* v. *Wilson,* 178 Va. 427, 17 S. E. (2d) 397.

▇ Since equity courts have this power, they, of course, have jurisdiction over the subject matter. It is a transitory right, and a defendant in such a cause, living in Virginia, upon whom process is served there, must plead in abatement, or abide by such judgment as may be given against him.

Under Code, section 5327, it is said that where a husband and wife live in a state of separation without being divorced and have minor children of the marriage, the circuit court of the county or the corporation court of the corporation in which the children may be, upon petition of the mother, may award to her their custody, together with such provisions and directions as to the court may seem necessary.

▇ This right, also, is transitory and shifts with the abode of the children. The court where they chance to be living has jurisdiction.

Here these children were of tender age. They have been utterly abandoned by their father, who, so far as the record shows, is able to contribute to their support. The wife is in necessitous circumstances. The court in its decree ordered that the defendant pay to the mother for her support and for their two children the sum of $70.00 a month.

▇ A father has the common law duty to support his infant children. They are wards of chancery, and equity

will intervene to give such relief as the exigencies of the case may require. Courts of law and courts of equity may have concurrent jurisdiction and the power of equity may be invoked whenever it appears necessary in order to give complete relief. *McClaugherty* v. *McClaugherty,* 180 Va. 51, 21 S. E. (2d) 761, opinion by Chief Justice Campbell.

In *Buchanan* v. *Buchanan, supra,* we said:

 " ' * * * when a court of equity acquires jurisdiction of a cause, for any purpose, it will retain it, and do complete justice between the parties, enforcing, if necessary, legal rights, and applying legal remedies to accomplish that end.'

"We think that provisions made for the wife and children grew out of the same soil and that one would not have been made without the other; certainly not in the form in which they now appear."

In that case it was held that equity, once having acquired jurisdiction, that jurisdiction is not ousted by the subsequent enactment of a statute, unless such statute uses prohibitory restrictive words.

Equity has inherent jurisdiction over alimony, over the custody of children and over their maintenance and support. Where equity has once taken jurisdiction it will proceed to give complete relief, and that jurisdiction is not ousted because it does not have power to do some of the things prayed for in the bill.

In this cause the court might have been of opinion that it was without jurisdiction to grant a divorce, and this conclusion it, upon reconsideration, reached. It might have been of opinion that under its inherent power the wife was entitled to alimony—an independent substantive right which all wives have. In addition, it might have been of opinion that it was the father's duty to support these infant children, an obligation which has rested upon fathers for time out of mind, and which chancery, whose wards they are, had ample power to order. All of these things the plaintiff asked for in her bill.

Here all parties are before the court, and it would serve no good purpose to force the mother to bring an inde-

pendent suit for alimony or to proceed under the statute to compel the father to support their children. The right to alimony is not challenged, and the obligation of the father to support these children is not in dispute.

Our conclusions are these: Statutory provisions, telling us where suits must be brought, are jurisdictional and supersede all preexisting equitable remedies. No pleas in abatement are necessary; those for alimony and for support are transitory. Objections to the venue must be made by pleas in abatement. Divorce in Virginia is entirely statutory. Alimony and the obligation of a father to support his infant children exists independent of statute.

Our judgment is that the decree for divorce, for reasons given, is void, but that the order that the defendant pay over to the mother for her and the children's support $70.00 a month is valid and stands until, for satisfactory reasons, it be revoked or modified; and for that purpose this cause is remanded to the trial court.

*Affirmed in part and reversed in part.*