## Richmond

CATHERINE C. BUNDY v. WEBSTER E. BUNDY, JR.

March 5, 1956.

Record No. 4475.

Present, All the Justices.

The opinion states the case.

*Gordon E. Campbell* and *George H. Gray*, for the appellant.

No appearance for the appellee.

Smith, J., delivered the opinion of the court.

On August 10, 1950, Catherine C. Bundy and Webster E. Bundy, Jr., now 40 and 26 years of age respectively, were married in Milwaukee, Wisconsin. One child, a girl, was born to this marriage on July 23, 1951, and the wife also has a daughter, 16 years of age, by a previous marriage. From March 1952 until December 3, 1953, they lived together as husband and wife in Norfolk. The husband earns approximately $200.00 per month, and while the wife works about six hours a day the evidence does not show how much she earns.

Without the knowledge or consent of the wife and while she was shopping on December 3, 1953, the husband took their infant child and went to his parents' home in North Carolina. Thereafter, on December 7, 1953, the wife filed a bill of complaint against him in which she alleged desertion without justification and asked the court to award her a divorce a mensa et thoro, custody of the infant child, reasonable support money for herself and the child and an award for attorney's fees and court costs. Subsequently, on December 11, 1953, the trial court, by agreement of counsel and the parties, entered a decree in which the wife was awarded temporary custody of the child and the husband directed to pay the rent, $55.00 per month, on their residence in Norfolk; $30.00 per week for the support and maintenance of both his wife and child; and attorney's fees and court costs. By a decree entered on May 3, 1954 the award of $30.00 per week for support and maintenance was reduced to $15.00 per week, but in all other respects the decree of December 11, 1953 was continued in effect.

The husband filed an answer and cross bill on December 16, 1953 in which he alleged cruelty and asked for a divorce a mensa et thoro, to which answer and cross bill the wife filed a demurrer and answer. The case was thereafter referred to a commissioner in chancery who heard the evidence and filed his report, in which he recommended, insofar as pertinent here, that: the wife be denied a divorce on the ground that she had expressly stated in her testimony that she did not want a divorce but wanted to resume living with her husband; the husband be denied a divorce on the ground that he had wilfully and without excuse or justification deserted his wife; the wife be awarded custody of the child; the husband be required to pay the wife $25.00 per week for her own and the child's support and maintenance.

Exceptions to the commissioner's report were duly filed and in its decree of November 26, 1954, the trial court refused to accept the commissioner's recommendation of $25.00 per week for the support and maintenance of the wife and child and awarded only $12.50 per week for the child and nothing for the support of the wife. In all other respects the above stated recommendations of the commissioner were expressly accepted and confirmed. Both parties duly excepted to this decree. One error was assigned by the wife—that the court erred in refusing to award her any amount of money for her separate support and maintenance—and the husband assigned one cross error in which he alleged that the court erred in refusing to grant him a divorce. The wife sought and we granted her this appeal. The husband failed to file a brief or to appear before this court.

Suffice it to say the evidence supports the holding of the trial court that: the husband is not entitled to a divorce as prayed in his cross bill; the wife is entitled to custody of the infant child and the award made for the child's support is proper. Hence, the sole issue presented is whether the trial court erred in refusing to award the wife any amount of money for her separate support and maintenance.

The rules of law applicable to the determination of the issue presented are well settled.

■ "It is the settled doctrine in this Commonwealth that a court of equity, without regard to statute, has the absolute power to allow alimony, either in a suit for divorce, or in a suit for alimony alone." *Wilson* v. *Wilson*, 178 Va. 427, 428, 17 S. E. (2d) 397. This jurisdiction has not been suspended by the divorce and non-support statutes. *E. g., White* v. *White*, 181 Va. 162, 24 S. E. (2d) 448; *Heflin* v. *Heflin*, 177 Va. 385, 14 S. E. (2d) 317; *Purcell* v. *Purcell*, 4 Hen. & M. (14 Va.) 507. Hence, alimony is not merely an incident of divorce, but "a substantive right, which may be decreed to any wife under a given state of facts." *White* case, *supra*, 181 Va., at page 168.

■ During the marital status a husband has the legal and moral duty, consistent with his financial ability, to provide adequate support and maintenance for his wife according to the station in life in which he has accustomed her to live. And this obligation of the husband exists regardless of whether or not his wife is destitute and in necessitous circumstances. *E. g., Ring* v. *Ring*, 185 Va. 269, 38

S. E. (2d) 471, 165 A. L. R. 1237; *Heflin* v. *Heflin, supra; Bailey* v. *Bailey,* 21 Gratt. (62 Va.) 43, 26 Am. Jur., Husband and Wife, § 337, p. 934.

"In determining the propriety of allowing alimony and in fixing its amount, there must be taken into consideration, along with all of the other circumstances of the particular case, the needs of the wife and the ability of the husband to pay—not necessarily the amount of his actual earnings, but his ability to earn." *Hawkins* v. *Hawkins,* 187 Va. 595, 600, 47 S. E. (2d) 436; *Hulcher* v. *Hulcher,* 177 Va. 12, 12 S. E. (2d) 767; *Cecil* v. *Cecil,* 179 Va. 274, 19 S. E. (2d) 64.

In its final analysis there is no fixed rule or formula for determining the amount of money to be awarded in all cases. It is in general a matter within the sound judicial discretion of the trial court based upon what is fair and just under all the circumstances of the particular case. *E.g., Martin* v. *Martin,* 166 Va. 109, 184 S. E. 220; *Lovegrove* v. *Lovegrove,* 128 Va. 449, 104 S. E. 804. "While it is true that the exercise of a sound discretion by the trial court will not be disturbed by this court, it is also true that the exercise of an arbitrary discretion by the trial court will not be permitted." *Wilson* v. *Wilson, supra.* 178 Va., at page 431.

In the instant case the trial court has resolved the conflicts in the evidence in favor of the wife. The court held in its decree that the husband "wilfully, voluntarily and without justification or excuse," deserted and abandoned his wife, and that the wife "is a suitable and proper person to have the custody" of the infant child. The wife testified that she loved her husband and wanted to live with him, but the husband testified that he had no intention of returning to live with his wife and family.

The husband earns an average of $46.91 per week or $187.64 per month after payroll deductions. Subsequent to the husband's desertion the wife began working evenings at a nearby drugstore. She works during this period of the day because her 16 year old daughter, who takes care of the young child while the wife is at work, goes to school and does not return home until the afternoon. The amount of the wife's earnings is not disclosed by the record, but she testified that even though she was working the amount of money she was receiving under the decree awarding her $15.00 per week for the child and $55 per month for her house rent was "barely" sufficient to meet her needs. The evidence does not show whether either party owns any property. However, in the decree appealed

from the amount allowed for the support of the child was reduced to $12.50 per week and no amount was awarded the wife. It should be remembered that the wife must not only support and maintain herself and their infant child but also her 16 year old daughter. Under these facts and circumstances the wife is entitled to an allowance of alimony.

Consequently, the decree of the trial court will be affirmed in all respects except insofar as it fails to award any amount for the support and maintenance of the wife, in which respect the decree is reversed and the case remanded with directions that the trial court: (1) determine a fair and just amount of alimony to which the wife is entitled under the facts and circumstances; (2) fix a reasonable compensation to be paid counsel for the wife, both for services rendered in this court and any future services rendered in the trial court.

*Affirmed in part; reversed in part and remanded.*