## Richmond

### PAULINE LONG HINSHAW v. GEORGE F. HINSHAW.

March 7, 1960.

Record No. 5064.

Present, Eggleston, C. J., and Spratley, Buchanan, Miller, Snead and I'Anson, JJ.

The opinion states the case.

*L. Paul Byrne (Merhige, Byrne, Montgomery & Baber,* on brief), for the appellant.

*R. R. Ryder (Cutchins, Wallinger, Wallace & Kessler,* on brief), for the appellee.

I'ANSON, J., delivered the opinion of the court.

On August 19, 1957, the appellant, Pauline Long Hinshaw, filed a bill in equity against the appellee, George F. Hinshaw, her hus-

band, charging him with cruelty and desertion, and prayed for separate maintenance without a divorce. The appellee filed an answer and cross-bill, and an amended cross-bill, alleging cruelty and desertion on the part of the appellant, prayed that the appellant's bill be dismissed and that he be granted a divorce a *mensa et thoro*.

On September 4, 1957, evidence was heard *ore tenus* on the issue of temporary separate maintenance and the chancellor ordered the appellee to pay to the appellant the sum of $50 each week *pendente lite*.

Subsequently, depositions were taken and duly filed by the respective parties, and after arguments of counsel the chancellor entered a decree on January 27, 1959, denying the relief prayed for by the appellee, and dismissing his answer and cross-bill and the amended cross-bill. After hearing further arguments of counsel on February 25, 1959, the chancellor entered a decree granting the appellant separate maintenance and support on the grounds of cruelty and desertion, occurring on July 17, 1957, and further decreed that the appellee pay to the appellant the sum of $15 each month for her separate maintenance and support. From the last mentioned decree we granted the appellant an appeal.

The sole issue for our determination is: Is $15 a month for support and maintenance a reasonable and just amount to be awarded the appellant under the evidence in this cause?

The only evidence in the record relating to this issue is uncontradicted and is as follows:

The parties were married on April 19, 1957, after a courtship of five or six weeks. At that time the appellant was 41 and the appellee 47 years of age. Each of the parties had a child by a previous marriage, the appellant a son, 16, and the appellee a daughter 3 years of age. No children were born of this marriage.

Before her marriage to the appellee the appellant was employed as a seamstress in a dress shop at a salary of $75 a week. Upon her marriage, in order to care for the appellee's 3-year-old daughter, the appellant gave up her employment, sold all her furniture, arranged to sub-lease the apartment which she had shared with another lady, and found a boarding place for her son until the end of the school year when he came to live in the home with his mother and step-father.

The parties had lived together approximately ninety days when the appellant was admitted to the hospital for a nervous condition which had its inception shortly after the marriage. Upon discharge

from the hospital, after a stay of ten days, on the advice of her physician the appellant did not return to the home of the appellee, and she has remained away ever since.

The record shows that the appellant has not been able to return to any type of regular work because of her nervous condition and, on advice of her physician, she has not attempted to do so.

The appellant testified that her expenses while living apart from the appellee would amount to $400 per month; that the cost of replacing the furniture she disposed of at the time of her marriage would be approximately $4000; and that she had the financial responsibility of looking after her 16-year-old son by a former marriage.

The evidence shows that the appellee is a man of considerable means, being the sole proprietor of an awning business and owner of several valuable parcels of real estate. By his own admissions, his net worth is approximately $124,500, consisting of personal property of the value of·$53,300, and real estate valued at $71,250, which includes a $27,500 home. His annual net income from the business is approximately $9,600 before taxes.

■ The principle is well settled in this Commonwealth that the fixing of the amount for alimony or separate maintenance lies within the sound judicial discretion of the chancellor, and this court will not interfere with such discretion unless it clearly appears that the amount allowed is unfair and unjust under all the circumstances of the particular case. *Lovegrove* v. *Lovegrove*, 128 Va. 449, 452, 104 S. E. 804, 805; *Bundy* v. *Bundy*, 197 Va. 795, 798, 91 S. E. 2d 412, 414. The unreasonable exercise of discretion by the chancellor, however, will not be permitted. *Wilson* v. *Wilson*, 178 Va. 427, 430, 431, 17 S. E. 2d 397, 399.

While there is no fixed standard for determining the amount of alimony or separate maintenance, the chancellor must take into consideration, along with all the other circumstances of the particular case, the needs of the wife and the husband's ability to pay by virtue of his earning capacity and financial resources. *Hulcher* v. *Hulcher*, 177 Va. 12, 17, 12 S. E. 2d 767, 769; *Hawkins* v. *Hawkins*, 187 Va. 595, 600, 47 S. E. 2d 436, 439; *Bundy v. Bundy, supra* (197 Va. at p. 799, 91 S. E. 2d at p. 414).

■ Since the chancellor determined that the appellee was not entitled to a divorce, and allowed separate maintenance to the appellant because of cruelty and desertion on the part of the appellee, an allowance of only $15 a month is clearly unreasonable and

unjust under the evidence in this case. The appellant materially changed her position when she married the appellee. She gave up her apartment and a job paying $75 a week. She cannot re-establish a home without considerable expense. She is physically unable to return to gainful employment through no fault of her own, and is unable to contribute to the support of her son. The appellee is financially able to pay an adequate sum for her maintenance and support.

For the foregoing reasons, we are of opinion that the chancellor abused his discretion in allowing the appellant $15 a month for her maintenance and support, and that an allowance of $50 a week is fair and just under all the evidence in this case. See 27-B C. J. S., Divorce, § 288(6) pp. 248, 249.

That part of the decree appealed from which fixed the allowance of $15 a month for separate maintenance is reversed and vacated. The cause is remanded with direction to the chancellor to enter a decree requiring the appellee to pay to the appellant the sum of $50 each week from February 25, 1959, that being the date of the final decree of the circuit court, but the amounts so decreed shall be credited with whatever payments have been made by the appellee under the decree of the Circuit Court of Chesterfield County since the entry thereof.

*Reversed and remanded.*