## Richmond

HARRY D. OLIVER v. MARY ELIZABETH OLIVER.

November 28, 1960.

Record No. 5133.

Present, All the Justices.

The opinion states the case.

*William A. Redfern, Jr.* (*W. L. Devany, Jr.; Devany and Redfern,* on brief), for the appellant.

*Eastwood D. Herbert* (*Herbert and Bohannon,* on brief), for the appellee.

SPRATLEY, J., delivered the opinion of the court.

This proceeding was instituted on January 19, 1959, by Mary Elizabeth Oliver, appellee, against her husband, Harry D. Oliver, appellant, for separate maintenance for herself and children. In her bill of complaint, she alleged that since June, 1958, she and her husband had lived separate and apart because of the misconduct and hostility of her husband. She asked for the custody of the six children of the marriage, and support and maintenance for them, and prayed for an injunction restraining appellant from molesting her.

The injunction prayed for was granted on the day the bill was filed. Thereafter appellant filed an answer to the bill in which he denied all allegations of misconduct; but expressed a willingness to provide, within his ability, sufficient funds to meet the needs and comfort of his family and to pay the expenses of his oldest child in college.

On March 10, 1959, Oliver orally waived a hearing as to the cause of his separation from his wife, and requested the court to proceed immediately to determine the allowance he should provide for the maintenance and support of his wife and children. Evidence was thereupon heard in open court, and after consideration of the facts and the argument of counsel, the court entered a decree directing appellant to pay to Mrs. Oliver $850.00 per month for the support of herself and children; furnish his wife and children, rent free, the dwelling at 526 Shirley avenue, Norfolk, Virginia, where they resided, and an automobile, then being used by Mrs. Oliver and his children; pay all taxes, fire insurance on, and major repairs to, the dwelling in which they resided, and all major medical expenses incurred by his wife and children; and, in addition, pay the tuition of the oldest child, Mary Frances Oliver, at Mary Washington College; and a fee of $500.00 to counsel for Mrs. Oliver for professional services, and the cost of this proceeding. The order expressly reserved leave to either party to apply for any modification of the decree as might become necessary and proper.

Appellant's sole assignment of error is that the chancellor abused his discretion by making the allowance to Mrs. Oliver and their children "beyond the means and capacity of appellant to pay."

The evidence shows the following:

The parties were married on April 30, 1938, and have since resided at 526 Shirley avenue, Norfolk, Virginia. Eight children were born

of the marriage, six of whom are now living, of the respective ages 19, 17, 15, 14, 13 and 8, at the time of the institution of this suit. The oldest child, Mary Frances, is a student at Mary Washington College, Fredericksburg, Virginia, and the other children are attending local high and grade schools in Norfolk. The home on Shirley avenue was devised to Harry D. Oliver for life, with the remainder to his children.

The record shows that the family lived in comfort, if not luxury, in a home furnished with modern conveniences and facilities, and have enjoyed the benefits and privileges of approved social activities and recreation. Mrs. Oliver has received from her husband $160.00 a week to run the household. This has been supplemented from time to time with other funds furnished by her husband, estimated to amount to $1,500.00 annually. In addition, items such as telephone service, school supplies, cosmetics, drugs, and the cost of the operation, maintenance and insurance of an automobile used by the family, all amounting to more than $1,000.00 per year, were paid by the H. D. Oliver Funeral Apartments.

Mrs. Oliver presented an itemized statement from records of previous years showing necessary expenses for the maintenance of the family home, without any allowance for domestic help, recreation, or entertainment, amounting to more than $900.00 per month. She testified that there were, at the time of the hearing, unpaid bills for necessities amounting to $948.34.

Appellant testified that he and his brother owned and operated the Oliver Funeral Apartments as equal partners, although he, Harry D. Oliver, owned a 55% interest therein. Its net earnings for income tax purposes in 1957 were shown as $56,011.81, and for 1958 as $40,581.54. As the 55% owner, appellant had credited to him at the end of 1958 a capital account of $83,386.95. The Federal tax return for 1958 shows the sum of $12,045.11 deducted for depreciation; but the evidence does not show that this was carried to and reserved in any special account. However, the partnership actually received the benefit of the deduction and thus allowed a benefit to the parties in proportion to their shares, while reducing the amount of their income taxes.

Appellant charged the cost of his clothes, the operation and maintenance of his automobile, and other merchandise of a personal nature to the partnership account, and the partnership paid for them as a part of its business expenses. After the above personal items had been paid for by the partnership, appellant's net share was $28,005.91

for 1957 and $20,290.77 for 1958, before taxes. He owns 190 shares of the capital stock of the National Bank of Commerce, and one-half interest in 20 additional shares held in the same bank in the name of himself and wife; 100 shares of the capital stock of the Southern Bank of Norfolk; and a note for $10,000.00 derived from the sale of a marina. In addition to the dividends on the stocks and interest on the note, he admitted that he receives commissions of $300.00 per year from the sale of burial vaults, and estimated his gross income for 1958 at $21,218.77.

Oliver stated that he withdrew from the partnership in 1958 $1,246.00 more than his share of the earnings; that he carries life insurance upon his brother at a cost of $3,170.20 annually, under an agreement with his brother so as to provide money for the purchase of the latter's interest in the partnership upon his brother's death. He also carries insurance policies on his own life for the benefit of his wife and children, at a premium of $2,381.00 annually, and health and accident insurance on his own person for an annual premium of $246.40. He said that he was faced with an income tax liability amounting to $4,400.00, incurred by the partnership prior to its purchase by himself and brother, and that he was further obligated on a note of $3,200.00, which was being gradually curtailed. In general, he listed his personal expenses in 1958 as $9,986.03, including state and federal taxes, and the life insurance premiums hereinbefore referred to. His 1958 federal income and self-employment tax, as shown by his return for that year, amounted to $3,718.30, payable in 1959. His state income tax also payable in 1959 amounted to $614.56.

■■ The rules governing our determination of the issue here presented have long been settled in Virginia. They have been repeatedly stated in many of our decisions. It is the legal and moral duty of a husband to support his wife and family consistent with his financial ability, according to the station in life to which he has accustomed them to live. In fixing the amount of alimony and support money, there must be taken into consideration, along with all of the other circumstances of the particular case, the needs of the wife and children, their ages and physical condition, and the financial ability of the husband to pay. *Harris* v. *Harris*, 31 Gratt. (72 Va.) 13, 17; *Twohy* v. *Twohy*, 130 Va. 557, 563, 107 S. E. 642; *Bray* v. *Landergren*, 161 Va. 699, 705, 172 S. E. 252; *Hulcher* v. *Hulcher*, 177 Va. 12, 17, 12 S. E. 2d 767; *Cecil* v. *Cecil*, 179 Va. 274, 280, 19 S. E. 2d 64; *Bundy* v. *Bundy*, 197 Va. 795, 797, 91 S.E. 2d 412; 6 Michie Jur., Divorce

and Alimony, § 65; 26 Am. Jur., Husband and Wife, § 337; 41 C. J. S., Husband and Wife, § 15.

The trial court has a broad discretion in fixing the amount of alimony for the wife and support for the children, and the appellate court will not interfere with such discretion, unless it is clear that some injustice has been done. There is no fixed rule or formula. The award must be based upon what is fair and just under all the circumstances of the particular case. *Hawkins* v. *Hawkins*, 187 Va. 595, 601, 47 S. E. 2d 436; *Lovegrove* v. *Lovegrove*, 128 Va. 449, 452, 104 S. E. 804; *Hulcher* v. *Hulcher*, 177 Va., *supra; Ring* v. *Ring*, 185 Va. 269, 274, 38 S. E. 2d 471, 165 A. L. R. 1237; *Bundy* v. *Bundy*, 197 Va., *supra*, page 798; *Hinshaw* v. *Hinshaw*, 201 Va. 668, 670, 112 S. E. 2d 902; *Barnes* v. *Craig*, 202 Va. 229, 117 S. E. 2d 63, this day decided; § 20-107, Code of Virginia, 1950, Cumulative Supplement 1960.

It is equally well settled that great weight must be given to the judgment of a chancellor who has heard the evidence in open court, and his finding will not be set aside, unless it be clearly shown to be erroneous. *Lowdon* v. *Lowdon*, 183 Va. 78, 79, 31 S. E. 2d 271; *Arrington* v. *Arrington*, 196 Va. 86, 88, 82 S. E. 2d 548; § 8-491, Code of Virginia, 1950; 1 Michie Jur., Appeal and Error, § 277, and cases cited.

The $850.00 a month, payable for the support of appellant's wife and children, averages only a little more than the $160.00 a week and extra allowances heretofore made by the husband to his wife. Out of the amount to be paid to her, Mrs. Oliver must pay telephone and utility bills, expenses attending the operation and maintenance of the family automobile; and provide school supplies, clothing, spending money, recreation and entertainment for herself and six children. She must operate the home without the service and assistance customarily afforded by a husband; and must provide domestic help when needed and other miscellaneous expenses ordinarily incurred in a household of seven persons. Moreover, the payments made to Mrs. Oliver will relieve the partnership of the charge for many of the above items, estimated to amount to more than $1,000.00 per year, and thereby increase the share of appellant in the net income from the partnership.

Upon the facts before us, it cannot be said that the allowance by the trial court for the support and maintenance of Mrs. Oliver and her six children amounted to an abuse of discretion. Considering the

present financial situation of appellant, there is no reason to believe that the allowance will work undue hardship upon him. Ample provision exists for the correction of any inequity which may possibly occur in the future by reason of a deterioration in appellant's financial position and his earning capacity.

The appellant shall pay a fee of $300.00 to counsel for Mrs. Oliver for his services to her on this appeal, to be taxed as a part of the cost of this proceeding.

The decree of the trial court is affirmed.

*Affirmed.*