MILLER, TRUSTEE, AND OTHERS V. TOWN OF PULASKI.

September 9, 1912.

1. EMINENT DOMAIN—*Muncipal Corporations—Condemning Water Power—Code, Section 1038.*—A municipal corporation has the right, under section 1038 of the Code, as amended, to condemn for its use land and water power outside of the corporate limits, if the necessity therefor exists, as pointed out in the statute. The fact that "water power" is not in terms named in the "affirmative clause" of the statute, but only in the proviso, does not show that the legislature did not intend to give a city or town the right to condemn a water power, which is a right or interest annexed to land and a parcel thereof. The right or power to condemn the whole, if owned by one person, necessarily includes the right to condemn the several parts thereof when owned by different persons.

2. EMINENT DOMAIN—*"Necessity"—Code, Section 1038.*—The word "necessity," used in section 1038 of the Code, as amended, forbidding a city or town to condemn land for certain public utility purposes, "unless the necessity therefor shall be shown to exist," means a reasonable, not an absolute, necessity.

3. EMINENT DOMAIN—*Excessive Condemnation.*—Although a water power condemned for a town is more than the town needs now or will need for years to come, it is not error to condemn the whole, when it does not appear that less than the whole could have been condemned, and the evidence tends to show that if there is any taking at all the whole must be condemned.

4. EMINENT DOMAIN—*Report of Commissioners—Inadequacy of Damages.*—The assessment of damages by the commissioners in condemnation proceedings will not be set aside for inadequacy of amount where the evidence is conflicting and there is nothing to show that the damages allowed, if inadequate at all, are so inadequate as to show prejudice or corruption.

Error to a judgment of the Circuit Court of Carroll county, in a condemnation proceeding. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*M. M. Caldwell,* for the plaintiffs in error.

*John S. Draper* and *Robert E. Scott,* for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court for Carroll county rendered in a proceeding instituted by the town of Pulaski to condemn for its purposes as a municipal corporation a parcel of land and water rights connected therewith, situated in Carroll county, and owned by the plaintiffs in error.

The first, second and third assignments of error are as to the right or power of the town to condemn the defendant's property. It is insisted that it did not possess that right at common law, under its charter, or under any general statute. It is not claimed by the town that it had the right either at common law or under its charter (see *Miller, Trustee, &c.* v. *Town of Pulaski,* 109 Va. 137, 63 S. E. 880, 22 L. R. A. [N. S.] 552), but that it did have such power under section 1038 of the Code as amended by an act approved March 14, 1908. Acts 1908, Ch. 349, p. 623.

By that section as amended, which applies to towns generally, it is provided, among other things, that in addition to the powers conferred by general statutes, the council of any city and town shall have power to acquire or establish, maintain and operate water works, gas works, electric plants and other public utilities within or without the limits of the city or town; "to acquire within or without the limits of the city or town by purchase, condemnation, or otherwise, whatever land may be necessary for acquiring, locating, establishing, maintaining, operat-

ing, extending, or enlarging, said water works, gas works, electric plants and other public utilities, and the rights of way, rails, pipes, poles, conduits, or wires, connected therewith, or any of the fixtures or appurtenances thereof; provided that no city or town shall have the right to acquire by condemnation the steam and electric plants, gas and water works, or water power, and the fixtures and appurtenances or any part thereof, owned and operated in whole or in part on the eighteenth day of February, nineteen hundred and eight, by any manufacturing corporation or public service corporation for the purpose of acquiring, establishing, maintaining, operating or enlarging its electric plant or water works   *   *   *; provided that no property shall be condemned for the purposes specified in this section unless the necessity therefor shall be shown to exist to the satisfaction of the court having jurisdiction of the case."

It is clear, we think, that under the provisions of section 1038 of the Code, as amended, the town had the right, if the necessity for it existed, to condemn the land and water rights described in the record. The fact that "water power" is not in terms named in the "affirmative clause" of the statute, but only in the "proviso" does not show that the legislature did not intend to give a city or town the right to condemn a water power, a right or interest annexed to land and parcel thereof. The right or power to condemn the whole, if owned by one person, would seem necessarily to give the right or power to condemn the parts that made up the whole if owned by different persons, if necessary, for the purposes of the municipality and done in the manner prescribed by statute.

The next error assigned is that even if section 1038, as amended, did give such right, no necessity for its exercise existed in this case·

That section provides that no property shall be condemned for the purposes specified in the section, unless

the necessity therefor be shown to exist to the satisfaction of the court having jurisdiction of the case. The trial court, after investigation, held that the necessity for the condemnation of the said water power did exist. The plaintiffs in error, as we understand them, insist that the "necessity" for the taking contemplated by the statute does not mean that the property sought to be condemned must be reasonably necessary only, but must be absolutely or indispensably necessary for the uses and purposes for which it is to be taken.

The term *necessary,* says Lewis on Eminent Domain (3rd Ed.), p. 1058, "when applied to a public road, is used in the statutes and judicial decisions not in the sense of being absolutely indispensable to communications between two points, but with relation to the purposes for which public highways are established, namely, the reasonable accommodation of the traveling public. This same observation would doubtless apply to any public improvement or work."

Again, on p. 1062, he says: "When the law says that private property may be taken for public uses only when it is necessary for such use, it means a reasonable, not an absolute necessity."

In 15 Cyc., p. 636, in discussing this question, it is said: "Nevertheless, necessity within the meaning of this rule does not mean an absolute, but only a reasonable necessity, such as would combine the greatest benefit to the public with the least inconvenience and expense to the condemning party and property owner consistent with such benefit, although it does not include the taking of land which may merely render the improvement more convenient or less expensive, or for a necessity which is merely colorable."

These text-writers seem to be sustained in their statement of what is meant by the terms "necessity" or "necessary" as used in the *eminent domain* statutes, by the great weight of authority and the better reason. See cases cited

in notes; also cases cited in note to *Wheeling, &c. Co. v. Toledo, &c.,* 2 Am. & Eng. Ann. Cases, 941, 946-948.

Applying this test, the evidence in this case sustains the conclusion reached by the court, even if the discretion vested in the trial court to determin that question could be controlled by this court (as to which we express no opinion), except in a case where there had been a clear abuse of the discretion vested in the court.

It is also assigned as error that the water power condemned was much greater than was necessary for the purposes of the town.

Conceding that the property condemned will furnish more power than the town needs now, or will need for years to come, it does not appear that less than the whole could have been condemned, and the evidence tends to show that if there was any taking at all the whole property must be condemned.

The remaining assignment of error to be considered is that the trial court "held contrary to the preponderance of evidence that $475.00 was a fair compensation" for the property taken.

Conceding that the evidence taken by the commissioners was before the court when it passed upon the exceptions to their report (though this is denied by the defendant in error), this court could not disturb the finding of the commissioners. That evidence is conflicting, and there is nothing to show that the damages allowed, if inadequate at all, are so inadequate as to show prejudice or corruption, and without this the settled rule of this court and of courts generally is not to disturb the finding of the commissioners. See *Barnes* v. *Tidewater Ry. Co.,* 107 Va. 263, 266-7, 58 S. E. 594, and cases cited.

Upon the case presented by the record, we are of opinion that the judgment of the circuit court should be affirmed.

*Affirmed.*