## Staunton

JOHN EDWARDS LOWDON v. ANNIE PALMER LOWDON.

September 6, 1944.

Record No. 2817.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston
and Spratley, JJ.

The opinion states the case.

*Walsh & Waddell*, for the appellant.

*Perkins, Battle & Minor*, for the appellee.

EGGLESTON, J., delivered the opinion of the court.

John Edwards Lowdon filed a suit for divorce *a vinculo* against Annie Palmer Lowdon on the ground of desertion. The wife filed an answer denying the allegation of desertion. While admitting that they were living apart, she insisted that this was due to her husband's fault. However, she did not ask for a divorce. After the evidence had been heard *ore tenus* the trial court entered a decree denying the husband's prayer for a divorce and dismissing his bill. From this decree the husband has appealed, claiming that the finding of the trial court is contrary to the evidence, which, he says, shows that his wife was guilty of willful desertion entitling him to a divorce under the provisions of Code, sec. 5103, as amended.

Since the evidence was heard *ore tenus* and the trial court saw and heard the witnesses, its finding has the force and effect of the verdict of a jury and settles all questions of disputed fact in favor of the appellee wife. *Allen* v. *Allen,* 166 Va. 303, 304, 186 S. E. 17; *Owen* v. *Owen,* 175 Va. 245, 248, 7 S. E. (2d) 890, 891; *Forbes* v. *Forbes,* 182 Va. 636, 640, 29 S. E. (2d) 829, 831.

Viewing the evidence from this angle the settled facts are these:

The parties to the suit were married in 1923 in Scotland, and shortly thereafter came to this country. They have two boys, aged fourteen and seventeen years, respectively. Their relations seem to have been normal until the early spring of 1938, when friction between the husband and wife developed. She accused him of "going around" with another woman. They quarreled and he beat her. At his suggestion, Mrs. Lowdon and the two boys went to Scotland where

they remained until September, 1939. Upon their return to this country the couple lived with the two children at Staunton.

In February, 1940, Mrs. Lowdon discovered lipstick on her husband's coat and demanded an explanation of him. He attempted to "laugh it off," but she was not easily appeased. A quarrel ensued during which he slapped her in the face, she struck him with a plate, and he beat her almost into unconsciousness. Her testimony as to this disgraceful episode is corroborated by that of the two sons who were present. She then attempted to end her life by taking a quantity of aspirin, but recovered. Fearing for her life, she withdrew from his bedroom, and they have not since lived together as husband and wife, although they continued to occupy the same home until August of that year.

In the latter month, after the family had returned from a short vacation, during which the husband seems to have been more considerate of his wife and family, he resumed his former improper attitude toward her. As she said, he was "as mean as he could be and treated us with no consideration at all." He would not come to his meals and she never knew when he would return home. She then told him that she could not continue to live in this manner, that she would break down, and that it would be better that they separate. He said, "Well, suppose I go and leave you the boys", to which she replied, "All right." He agreed to contribute one-half of his salary to the support of his wife and the two boys, and they separated. She and the boys retained their home at Staunton, while he took up his abode in Waynesboro, where he was employed. Later the couple inspected several houses at Waynesboro with a view of making their home there together, but were unable to make satisfactory arrangements. They continued to live apart but he frequently visited her and the boys.

In the meantime Mrs. Lowdon had accused him of an affair with a young woman who worked in his department of the plant in which he was employed at Waynesboro. He admitted the association but denied that there was anything

improper in it. Mrs. Lowdon suggested that he "give up" the "other woman" and return home, but he declined to do so. In December Mrs. Lowdon again suggested that he return home. His reply was, "My feelings for you are dead."

During the entire period of separation he not only made no proffer of reconciliation but declined other suggestions made by her. He wanted a divorce and so told her. He thought for the sake of "appearances," and on account of the boys, the suit should be instituted by her. Consequently, at his suggestion, and upon his furnishing the necessary deposit for costs, in January, 1941, she filed suit for divorce on the ground of desertion in a Staunton court. But this proceeding was not pressed and was later dismissed. In the fall of 1941, Mrs. Lowdon and the two boys moved to Charlottesville in order that the older son might enter the University of Virginia. The present proceeding was instituted in January, 1943.

During the taking of testimony the judge of the trial court suggested that the couple should reconcile their differences and resume the marital relations. Mrs. Lowdon expressed her willingness to do so, saying that she was defending the present proceeding in the hope that such a reconciliation might be effected. But the husband, on his part, flatly declined to accept the court's suggestion.

■ We agree with the conclusion of the trial court that this evidence fails to show that the wife willfully deserted or abandoned her husband so as to entitle him to a divorce under the provisions of Code, sec. 5103, as amended. It shows that the parties have separated by mutual consent, which does not constitute desertion. *Butler* v. *Butler*, 145 Va. 85, 90, 91, 133 S. E. 756; *Bacon* v. *Bacon*, 68 W. Va. 747, 70 S. E. 762, 763, 764; 17 Am. Jur., Divorce and Separation, sec. 96, pp. 198, 199. Moreover, it clearly shows that their failure to resume the marital relations is due to the attitude of the husband and not of the wife.

For services in the lower court counsel for the appellee wife was allowed a fee of $250 which has been paid. She

asks that her counsel be allowed an additional fee by us for services in this court. Counsel for the husband does not object to this, but asks that in fixing the amount of the additional fee "the liberal allowance in the lower court be taken into consideration." Considering both requests we fix the amount of the additional fee at $100 which will be allowed.

The decree appealed from will be modified to this extent, and as so modified will be affirmed.

*Affirmed.*