## Richmond

### BOARD OF SUPERVISORS OF LOUDOUN COUNTY, VIRGINIA v. TOWN OF FAIRFAX, VIRGINIA.

January 20, 1958.

Record No. 4749.

Present, Eggleston, Spratley, Buchanan, Whittle and Snead, JJ.

The opinion states the case.

*Stirling M. Harrison, Commonwealth's Attorney*, for the plaintiff in error.

*E. C. Van Dyck (Robert J. McCandlish, Jr.; E. B. White*, on brief), for the defendant in error.

*Howard W. Vesey, Town Attorney*, on brief, for the Town of Leesburg.

Snead, J., delivered the opinion of the court.

On May 11, 1956, Town of Fairfax filed an application, pursuant to § 15-740 *et seq.*, Code 1950, to erect a dam across Goose Creek in Loudoun County for the purpose of establishing a water supply. Board of Supervisors of Loudoun County, Town of Leesburg, Town of Middleburg, Loudoun Water Supply Corporation and a number of individuals, after publication of notice as required by law, were allowed to intervene as parties defendant. After overruling demurrers filed by several defendants, the trial judge heard evidence *ore tenus*, considered the findings of the commissioners and granted leave to construct the proposed dam subject to certain conditions and restrictions. Board of Supervisors of Loudoun County appealed.

Town of Fairfax is located in Fairfax County. Its population has increased from 1946 in 1950 to more than 5500 in 1956, and it is anticipated there will be 15,000 inhabitants by 1960.

The headwaters of Goose Creek are near Linden in Warren County and it flows from there through Fauquier County into Loudoun County and empties into the Potomac River. The location of the proposed dam, is about 22 miles distant from Town of Fairfax. It will flood approximately 80 acres and create a reservoir about 2½ miles long and relatively narrow. It is designed to insure 3.6 million gallons of water per day, which was estimated to be sufficient for future demands. The average daily flow for the 20 year period between 1930 and 1950 was 192.2 million gallons. The total cost of the project was estimated to be $4,500,000. A bond issue for that amount was submitted to the voters of Town of Fairfax at a referendum and it was approved by a ten to one vote. There were introduced into evidence resolutions passed by town councils of Vienna, Herndon, Leesburg and Fairfax stating that the proposed dam and water project would serve an essential public convenience for their towns by insuring a sufficient water supply.

Glenn W. Saunders, Jr., a graduate of Virginia Polytechnic Institute and a certified engineer, had charge of appellee's water system and was one of the principal witnesses for appellee. He stated that appellee owned eleven wells and two storage tanks; that the maximum daily capacity for water was slightly more than 600,000 gallons if the wells were operated continuously, but this was impossible; that the average daily consumption was 500,000 gallons, and that the storage tanks had a capacity of 900,000 gallons. He said appellee

was not able to meet the water demands for the summer months. In June 1956 the largest producing well went temporarily dry and restrictions had to be placed on the use of water, which held consumption down to 550,000 gallons per day. Two days prior to the imposition of the restrictions, consumption was about 900,000 gallons per day. A fire at that time would have had a disastrous effect. He estimated a daily need of approximately 1,500,000 gallons by 1960 and a requirement of between 2,000,000 and 3,500,000 gallons by 1980.

According to Saunders, the construction of additional wells is not the answer to the town's problems. Past records show that after use the output gradually decreases and they cannot be relied upon. He emphasized that appellee needs an adequate dependable water source. Goose Creek possesses good water and is free from heavy pollution. He considered it the best location within a reasonable area where an adequate supply could be had at lowest cost for users. He thought the construction of the proposed dam would be a permanent answer to the water problem.

John C. Wood, Mayor of Town of Fairfax substantially corroborated the testimony of Saunders. He stated that in 1954 he appointed a committee consisting of council members and the then town engineer to conduct a survey and a study of available sources of water as well as costs. He also served as a member of this committee. An exhaustive inquiry and study were made which resulted in the passing of a resolution by the council to the effect that the erection of the proposed dam is a public necessity for appellee and will serve an essential public convenience.

At the conclusion of appellee's evidence, defendants moved to strike on the grounds, *inter alia*, that the evidence did not establish that a public necessity or an essential public convenience will be served by the erection of the dam. The motion was overruled and exceptions were taken. The defendants elected to stand on their motion to strike and presented no evidence. Whereupon the court found that a public necessity or an essential public convenience would be served by the erection of the dam, and appointed commissioners to make inquiries as provided for by § 15-742, Code 1950. The commissioners heard evidence, viewed the location of the proposed dam and reported in response to the inquiries that the watercourse at the dam site was not regularly used by the general public for the purposes of navigation and that the health of the neighbors

will not be injured by the construction of the dam. No additional evidence was adduced before the court on the questions determined by the commissioners. Defendants renewed their motions to strike appellee's evidence, which were overruled.

At a later hearing defendants submitted certain restrictions and conditions which they considered should be imposed on appellee for the protection of residents of the Goose Creek watershed and Loudoun County as a whole. For the protection of these interests nineteen conditions and restrictions were included in the final order entered December 10, 1956 in which appellee was granted leave to erect the proposed dam. Exceptions were noted to the entry of this order.

Town of Leesburg was permitted without objection from appellant to file a brief in this appeal in support of appellee.

The sole question for us to resolve is whether the evidence is sufficient to sustain the trial court's finding that a public necessity or an essential public convenience will be served by the erection of the proposed dam across Goose Creek.

Section 15-740, Code 1950, authorizes a city or town to apply for leave to erect a dam across a watercourse, on which there is no community of a population of 500 or more, for the purpose of obtaining or enlarging a water supply. The application shall be filed in the circuit court of the county wherein such dam, or any portion thereof, is proposed to be built, shall be in writing and shall set forth clearly the location of the proposed dam, accompanied by a plat or plan showing the location. The statute also provides for the time of filing, notice to be given and the docketing of the application.

Section 15-741, Code 1950, permits any person, who considers he may be aggrieved by the granting of leave to erect the dam, to appear, be made a party defendant and defend and contest the application.

Section 15-742, Code 1950, provides: "Upon it appearing that the applicant has complied with the provisions of § 15-740 that a public necessity or an essential public convenience will be served by the erection of such dam and that there is no community of a population of five hundred or more on the watercourse, the court shall, by an order, appoint five disinterested freeholders of the county as commissioners, any three of whom may act, who shall be directed to meet on a date specified in the order at the site of the proposed dam, and ascertain:

"(1) Whether the watercourse at that place is regularly used by the general public for the purposes of navigation and, if so, whether, and in what degree, ordinary navigation will be obstructed by the erection of the proposed dam;

"(2) Whether by any, and, if any, by what means such obstruction may be prevented; and

"(3) Whether the health of the neighbors will be injured thereby."

Under § 15-743, Code 1950, the commissioners, upon completion of their inquiries, are required to set forth their findings in a report which they shall sign and return to the court.

Section 15-744, Code 1950, provides that after the commissioners' report has been filed, the court shall set a date for the hearing of the application without the intervention of a jury. Any party may present evidence in support of, or in opposition to, the findings of the commissioners. If, after giving due consideration to the report of the commissioners and the evidence adduced in open court, the court be of opinion that the health of neighbors will be injured by the erection of the dam the application shall be denied. However, if it does not so appear the court may grant the leave if it be of opinion that the watercourse at that location is not regularly used by the general public for navigation purposes or that ordinary navigation will not be materially affected by its construction. If the application be granted, the court is empowered to put the applicant on such terms and conditions as it shall deem right and proper.

Appellant contends that appellee has failed to carry the burden of proving by a preponderance of the evidence that a public necessity or an essential public convenience will be served by the construction of the dam. It maintains that appellee should dig additional wells or obtain water from Falls Church, Alexandria Water Works reservoir at Occoquon, or the Potomac River, all of which are nearer than the Goose Creek dam site. It argues that the testimony of Saunders, town engineer, and that of Mayor Wood is incredible, because they were not experts or especially trained in subjects pertaining to water facilities.

Public necessity or essential public convenience is a question of fact. Evidence of other sources of water supply may be relevant on that question, but the voluminous record is devoid of any evidence offered on behalf of appellant, or other defendants in the court below, to overcome appellee's evidence that a public necessity or an essen-

tial public convenience will be served by the erection of the dam. The record shows that the digging of additional wells is not the answer to appellee's problems for after use their capacity gradually decreases and cannot be relied upon. It further shows that the town council of Town of Fairfax made an exhaustive study of the feasibility of various water sources including Falls Church, Alexandria Water Works and the Potomac River and concluded that the proposed Goose Creek dam project was the most logical at lowest costs for users and will be the permanent answer to appellee's water problems.

We observe that the phrase "a public necessity or an essential public convenience" is in the alternative. We do not construe "necessity" to denote an absolute, imperative or indispensable necessity. It means reasonable necessity. In *Miller* v. *Pulaski*, 114 Va. 85, 75 S. E. 767, Town of Pulaski successfully sought to condemn for its purposes land and water rights connected therewith owned by Miller. There we held § 1038, of the Code, as amended, which prohibited a city or town from condemning land for certain public utility purposes "unless the necessity therefor shall be shown to exist" meant a reasonable and not an absolute necessity. See also *Smith* v. *Virginia Iron, Coal & Coke Co.*, 143 Va. 159, 129 S. E. 274; *Seaboard Air Line R. Co.* v. *Commonwealth*, 193 Va. 799, 71 S. E. 2d 146.

There can be no question about the fact that an adequate and dependable water supply is essential to a municipality and that no higher obligation is upon the municipal authorities than that of furnishing it. Without such a supply the health of its inhabitants would be seriously affected and the destruction of property by fire would be imminent. *Norfolk* v. *Nansemond Supervisors*, 168 Va. 606, 192 S. E. 588.

The trial court having heard the evidence *ore tenus*, its determination of fact that a public necessity or an essential public convenience will be served by the construction of the dam carries the same weight as that of a jury. Its finding will not be disturbed unless plainly wrong or without credible evidence to support it. § 8-491, Code 1950; *Martin* v. *Richmond, Fredericksburg & Potomac Railroad Co.*, 101 Va. 406, 44 S. E. 695; *Smith* v. *Pippin*, 188 Va. 869, 51 S. E. 2d 159; *Clayton* v. *Taylor*, 193 Va. 555, 69 S. E. 2d 424.

The governing statutes have been fully complied with. Appellee has shown by ample credible evidence that a public necessity or an essential public convenience will be served by the erection of the

proposed dam across Goose Creek. The trial court committed no error in overruling appellant's motion to strike appellee's evidence, or in granting leave to construct the proposed dam.

The judgment appealed from is

*Affirmed.*