# Richmond

HAROLD G. BARNES v. EMILY M. BARNES CRAIG.

November 28, 1960.

Record No. 5156.

Present, All the Justices.

The opinion states the case.

*Dabney Overton,* for the appellant.

*Lawrence E. Blanchard, Jr.* and *C. Jackson Simmons (Hunton, Williams, Gay, Powell and Gibson; Dunton, McLeod & Simmons,* on brief), for the appellee.

WHITTLE, J., delivered the opinion of the court.

We are here concerned with a suit filed by Emily M. Barnes Craig against her former husband, Harold G. Barnes, for arrears in support money and for revisions in the divorce decree relating to the support and education of their three children, the oldest of whom is now of college age. It does not involve alimony for the wife who has since remarried.

Appellant, Barnes, filed his answer to the bill and the cause came on to be heard *ore tenus* in the Circuit Court of Lancaster County. The chancellor entered a decree on August 27, 1959, favoring the position of the mother, in which decree he (a) entered judgment against the father for $3,000, for arrears in support money, with interest thereon from September 1, 1959; (b) required the father to pay the sum of $300 per month beginning September 1, 1959, for the support and education of the oldest child; and (c) increased the amount of support money for each of the other two children from $50 to $75 per month.

From this decree the father has appealed and assigns errors to the action of the court as follows:

"1. In increasing the support payments for the children, Emily and John L., which was not prayed for, was not supported by the evidence, and is excessive;

"2. In requiring the payment of $300.00 per month for the child, Lanthe, which was not supported by the evidence and is excessive;

"3. In excluding appellant from participating in the choice of the college to be attended by the child Lanthe; and

"4. In entering up judgment against appellant for the sum of $3,000.00, for arrears of support money, which was not supported by the evidence and contrary to the law and the evidence."

It is disclosed that Harold G. Barnes and Emily M. Barnes were married and resided in Urbanna, Virginia, where the husband still lives. To this union three children were born, Lanthe, Emily, and John Barnes, who were, at the time of the trial in the court below, 18, 16, and 15 years of age, respectively.

In 1951 the wife instituted a suit for divorce against her husband in the Circuit Court of Dade County, Florida, in which suit the husband appeared generally. The suit was decided in favor of the wife and the final divorce decree was entered on August 23, 1951.

The decree incorporated a separation agreement previously entered into between the parties on June 14, 1951. The agreement provided for the custody and support of the three children, stipulating that the husband would pay the wife $50 per month for the support of each child, the amount for any particular child to be reduced for any period during which the child lived with the father. The agreement further provided that "The husband will endeavor to provide a four-year college education for each of the three children."

Mrs. Barnes, as aforesaid, subsequently remarried and she and the three children have lived since that time with her present husband in Naples, Florida.

In the instant suit Barnes contended that the separation agreement had been amended orally by the parties. He stated that under the oral agreement he was to have custody of the children for three full months each summer and that no support payments were to be made for the children during any of the summer months. The mother denied that there had been such amendment of the original agreement.

Regarding the first assignment of error relating to the action of the court in increasing the support payments for the children, Emily and John L., from $50 to $75 each per month, the husband complains that this increase was not asked for in the suit and is not warranted by the evidence.

The prayer of the bill was for general relief, and § 20-108, Code

of Virginia, 1950, provides that the court on its own motion may "revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require."

The record discloses that the decree allowing the $50 per month support for each of the children was entered in 1951. The children are now nine years older than when the decree was entered and, of necessity, more money is required for their support.

It is disclosed that Barnes is profitably engaged in the lumber business. The record indicates that his net worth is in excess of $200,000, and his annual income, while varying from year to year, is substantial.

The record is replete with evidence showing that the mother, who is not extravagant, spends sums far in excess of the amount fixed by the chancellor for the support and education of the children, and it was clearly within the province of the chancellor to increase the allowance for their support. *Hughes* v. *Hughes*, 173 Va. 293, 302, 4 S. E. 2d 402, 406.

■ The second assignment deals with the required payment of $300 per month for the education and support of the daughter, Lanthe, who is now attending college. In this connection Barnes, in his answer, says that he expects and desires to provide his children with a college education. He took pride in stating at the hearing that he personally sent Lanthe to apply for admission to Randolph-Macon College at Lynchburg, Virginia, with the knowledge that the cost would be in the neighborhood of $3,000 per year, which would not include transportation, spending money, clothing, or support during the summer months.

Lanthe could not be entered at Randolph-Macon because application was not made until after the date of the hearing on August 13. She is now attending the University of Florida.

It clearly appears that the father desires to educate his children. The difficulty experienced by the mother and daughter is the failure of the father to cooperate in making timely application for college entrance. Lanthe was well qualified and would have been accepted at Randolph-Macon, the school selected by her father, had application been made in time.

While the evidence is somewhat conflicting as to the cost of send-

ing a young lady to college, the determination of the amount rested within the sound discretion of the chancellor who heard the evidence. The appellate court will not interfere with such discretion unless it clearly appears that some injustice has been done. *Lovegrove* v. *Lovegrove*, 128 Va. 449, 452, 104 S. E. 804, 805; *Oliver* v. *Oliver*, 202 Va. 268, 117 S. E. 2d 59, this day decided.

The assignment is without merit.

■ The third assignment deals with the action of the court "in excluding appellant from participating in the choice of the college to be attended by the child Lanthe." In this regard the father contends that he has been deprived of the right to participate in the selection of a college.

The decree provides that the father is to pay $300 per month for "the attendance by Lanthe Barnes at such college as shall be selected for Lanthe Barnes by the said Emily M. Barnes Craig," which provision was inserted in the decree because Barnes had never contended that he should be consulted in the selection of a college.

The difficulty has been an attempt on the part of the mother and daughter to get the father to make plans for the daughter to attend college. The father frankly admits that the daughter could not make definite plans as to what college she would attend until he advised her as to what he would pay for her college education which he concedes he had not done. Now that he has been forced to pay for her education he contends that he was not permitted to select the college. The record discloses that the college the daughter preferred was the same the father preferred, *i.e.*, Randolph-Macon. He sent her to apply at this college knowing that the cost would be around $3,000 per year excluding traveling expenses and other incidentals. He recognized that she probably could not get in at Randolph-Macon at the time she applied because her application was made too late.

Lanthe kept her father advised during the spring of her last year in high school as to her general thinking and of the necessity for making a decision regarding her college education, but no suggestions were forthcoming from him.

It was not until the opening of the hearing in the instant case on August 13, 1959, that Barnes tendered an answer expressing his desire to send Lanthe to college. It is a matter of common knowledge that August 13 is late for college entrance applications.

It is obvious from the record that there is ample opportunity for the father to offer timely advice, and there is no indication that such advice would not be agreeably accepted. We see no merit in the assignment.

The final assignment of error deals with the entering of judgment against the father in the sum of $3,000 for arrears in support money. Barnes makes no contention with respect to the power of the court to enter judgment for the arrears as the chancellor adopted the Florida divorce decree as his own. *McKeel* v. *McKeel*, 185 Va. 108, 37 S. E. 2d 746; *Harrison* v. *Harrison*, 214 F. 2d 571. Barnes merely contends that the evidence does not establish the existence of arrears.

The most that can be said for Barnes' position in this regard is that the evidence was in conflict as to the amount of the arrears.

There is no evidence in the record that any of the children spent as much as one full month during any summer with their father in Urbanna. The mother has, except on one isolated occasion and except for the action taken by the father after this suit was instituted, arranged for the transportation of the children back and forth from Naples, Florida, to Urbanna, Virginia, and has paid for the upkeep of at least two of the children every summer with their maternal grandmother who also lives in Urbanna. It is disclosed that the mother has had, for all practical purposes, the responsibility of supporting the children for the summer months as well as the other months of the year. Under the separation agreement embodied in the divorce decree the burden was upon Barnes to prove to the contrary. This he has not done. The contention by Barnes that the original separation agreement had been changed by an oral agreement is not supported by the evidence.

It will be remembered that the evidence in this case was heard *ore tenus* before the chancellor, and his decree is entitled to the same weight as the verdict of a jury. *Lowdon* v. *Lowdon*, 183 Va. 78, 79, 31 S. E. 2d 271; *Arrington* v. *Arrington*, 196 Va. 86, 88, 82 S. E. 2d 548, 549; *County Board* v. *Town of Fairfax*, 199 Va. 612, 617, 101 S. E. 2d 519, 523.

All conflicts in the evidence and all reasonable inferences deducible therefrom have been resolved against appellant on the issues, and the decree may not be reversed unless it is plainly wrong or without evidence to support it. Section 8-491, Code of Virginia, 1950; *Rogers* v. *Runyon*, 201 Va. 814, 816, 113 S. E. 2d 679, 680.

The question presented is not whether the evidence would have supported a finding of fact and a decree in favor of Barnes, but whether the record contains substantial credible evidence which, upon application of correct principles of law, supports the finding and decree of the chancellor. *Barnes* v. *Moore, Adm'r*, 199 Va. 227, 228, 98 S. E. 2d 683, 684.

When the evidence in the instant case is measured by the principles announced, we conclude that there is sufficient credible evidence in the record to sustain the findings and the decree of the chancellor.

The appellant shall pay to appellee's attorneys a fee of $400.00 for services in this court.

For the reasons stated the decree is

*Affirmed.*