# Richmond

VIRGINIA BRUCE BROOKS v. WILLIAM F. BROOKS.

April 25, 1960.

Record No. 5073.

Present, Eggleston, C. J., and Buchanan, Miller, Whittle, Snead and I'Anson, JJ.

G. *Kenneth Miller* and *T. Stokeley Coleman*, for the appellant.

*Frank B. Beazley*, for the appellee.

Per Curiam.

On a former appeal we reversed a decree of the lower court granting William F. Brooks a divorce *a vinculo matrimonii* from Virginia Bruce Brooks and the custody of their infant son, Wayne Franklin Brooks, and dismissing her cross-bill. We remanded the cause with direction that a decree be entered dismissing the husband's bill, granting the wife a divorce *a mensa et thoro* on her cross-bill and custody of the child, with leave to the husband to visit his son and have his son visit him "at reasonable times and places," and awarding her alimony and support money for the child, the amount of which was to be fixed by the lower court. *Brooks* v. *Brooks*, 200 Va. 530, 540, 106 S. E. 2d 611, 618.

In conformity with the mandate of this court, the lower court entered a decree dismissing the bill of the husband and awarding the wife a divorce *a mensa et thoro* on her cross-bill. The decree awarded the custody of the child to the wife and mother, "with leave to the plaintiff, William F. Brooks, to visit his son and have the child visit him at reasonable times and places." It directed that the son "shall visit his father" "each week from Friday afternoon until the following Monday morning." The mother was directed to deliver the child to the father "on the court green at Bowling Green, Virginia, on Friday afternoon of each week," and the father was directed to return the child to the mother "on the court green" "on the following Monday morning."

The decree enjoined and restrained Virginia Bruce Brooks "from going to the home or place of business of the said William F. Brooks, or in any way interfering with or molesting him until the further order of this court. And the said William F. Brooks is enjoined from going to the home of the plaintiff" (*sic*).

Without hearing other evidence than that adduced at the former trial, the lower court decreed that the husband pay to the wife the sum of $15 per week "for alimony and maintenance and support of their infant child, the first payment to be made on May 1, 1959, and the first day of each week thereafter until the further order of this court."

From this decree Virginia Bruce Brooks has appealed claiming that, (1) the provision for the visitation of the child with his father and the exchange of custody on the "court green at Bowling Green" is not in accordance with the mandate of this court and not for the best interests of the child; (2) the injunction against her going to the home and place of business of William F. Brooks is unwarranted

and unjustified; and (3) the amount of alimony and support money for the wife and child, respectively, is totally inadequate.

We agree with the position of the appellant that the provision for the visitation of the child with his father is not in accordance with our mandate. It is not a provision for visitation, as the mandate directs, but a division of custody between the parents, for four days to the mother and three days to the father.

Nor is the provision for the best interests of the child which is the paramount consideration. The child, who is now nearly eight years of age, is attending school in Hanover county where his mother lives. Under the terms of the decree he must spend four nights with her and three nights with his father. During the school term his mother must take him each Friday afternoon either from her home or from the school in Hanover county and carry him several miles away to Bowling Green in Caroline county and there deliver him in the public square to his father who must take him to the latter's home which is near by. Early each Monday morning the child must be taken by the father to the public square and there delivered to the mother in time to be taken to school in Hanover county.

While the arrangement may not be so burdensome during the vacation period, this frequent shifting of the custody of the child between the parents for short periods of time will obviously be detrimental to his welfare. It will result in his having no real home and no permanent environment and associations.

We will modify the decree to provide that the child is permitted to visit his father from 9:00 a. m. on July 1 until 6:00 p. m. on July 31, in each year, and in the other months from 4:30 p. m. on the first Friday until 4:30 p. m. on the following Sunday, and that for this purpose his custody is to be exchanged at the home of the mother. At other times the custody of the child is to be with the mother. Each party will be enjoined and restrained from interfering with the other in carrying out the provisions of the modified decree.

The provision in the decree appealed from restraining Virginia Bruce Brooks from going to the home or place of business of her former husband and enjoining him from going to her home, will be vacated and annulled.

From the evidence before the lower court at the time of fixing the amount of alimony and support money it appears that Brooks owns his residence which is unencumbered and worth approximately $10,000. He also owns a service station which is worth approximately $18,000 and encumbered to the extent of $11,000. He has an annual

net income of about $1,800. He is now in his "early fifties" and in good health. Based on this evidence the lower court fixed the amount of alimony and support money at $15 per week or $780 per year.

In *Hawkins* v. *Hawkins*, 187 Va. 595, 600, 47 S. E. 2d 436, 439, we held that in determining the propriety of allowing alimony and fixing its amount, "there must be taken into consideration, along with all of the other circumstances of the particular case, the needs of the wife and the ability of the husband to pay—not necessarily the amount of his actual earnings, but his ability to earn." The same is, of course, true in fixing the amount of support money for a child.

Based upon this principle we hold that the husband should pay weekly to the wife $12.50 for alimony and $10 for support money for the child. These amounts are to paid on the first Monday of each week beginning on May 2, 1960, and continuing until the further order of the court. The decree appealed from will be so modified as to direct this.

Except as modified under the terms of this opinion, the decree appealed from is affirmed. The appellant having substantially prevailed on this appeal will recover her costs.

*Modified and affirmed.*