## CIRCUIT COURT OF FREDERICK COUNTY

Reel

v.

Reel

July 2, 1981

Case No. (Chancery) 6377

By JUDGE ROBERT K. WOLTZ

Complainant alleges in this case that she and defendant are husband and wife residing together, that defendant has "ceased supporting her" and that in conjunction with certain present acts, if he carries out threats to desert her, she will be left without means of support, and asks for support and maintenance from him.

The defendant demurs on the grounds that the parties are still "co-habitating" and living together as man and wife, that the allegation the defendant has ceased supporting the complainant is in conflict with the allegations of threats to desert and leave without means of support and that the cause is premature.

The first point of the demurrer, though not objected to, is in the nature of a "speaking demurrer" in that it makes allegations of fact. To that extent it will be considered as a part of defendant's answer, but in the interest of resolution of issues will be treated as a demurrer to the complainant's allegation that the parties presently are residing together.

So taken, this point of the demurrer is overruled as in my opinion the fact that husband and wife reside under the same roof does not as a matter of law foreclose

her maintaining an action for support and maintenance. Rather it depends on the facts as to the degree and extent they are or are not cohabiting there and living together as man and wife.

While alimony is allowed as an incident to divorce, equity has inherent power to grant it in an independent suit. *Latham v. Latham*, 71 Va. (30 Gratt.) 337 (1878). Alimony is not merely an incident of divorce, it is a substantial right which can be enforced by inherent equity power independent of statute. *White v. White*, 181 Va. 162 (1943). *See also* 41 Am. Jur. 2d, *Husband and Wife*, § 387, and Phelps, Domestic Relations in Virginia (1977), § 11-1. Furthermore, the husband has the legal and moral duty to support "whether or not the wife is destitute and in necessitous circumstances." *Bundy v. Bundy*, 197 Va. 795 (1956). *Compare* § 20-61, the non-support statute, making it a misdemeanor to fail to support spouse or children "in necessitous circumstances."

Alimony, when sought independent of divorce, is more usually referred to as separate maintenance. Even where living under the same roof, separate maintenance can be granted the wife if the parties "are not cohabiting as man and wife." 41 Am. Jur. 2d, *Husband and Wife*, § 397. Likewise:

> Where the husband and wife do not occupy the same bedroom and are living in a state of separation under the same roof, and the husband has withdrawn matrimonial association and has not provided his wife with proper support according to his means, the wife is entitled to separate maintenance. § 12-3, Phelps, Domestic Relations in Virginia (1977), *citations omitted*.

Consequently, when living under the same roof separate maintenance and support can still be granted depending on the degree or the absence of "cohabitation." The need of the wife and the ability of the husband to meet it are also factors. *Brooks v. Brooks*, 201 Va. 731 (1960). Additionally, so is the existence of fault on the part of the husband, for if he has not breached the marital duty, he cannot be held liable for separate maintenance. *Montgomery v. Montgomery*, 183 Va. 96 (1944).

The word "cohabitation" has different meanings. It can mean living together, living together as man and wife, or sexual intercourse. Black's Law Dictionary, 3d ed. Its literal meaning, and by derivation, is simply living together. *Tarr v. Tarr*, 184 Va. 443 (1945). In construing § 20-94, which makes voluntary cohabitation after knowledge of adultery a bar by way of condonation to a divorce suit on the grounds of adultery, that case found "cohabited" as used in that statute to mean sexual intercourse. § 20-91(9) establishes the ground for "no fault" divorce when the parties have "lived separate and apart *without any cohabitation*" (emphasis added) for an uninterrupted period of a year. By distinguishing between living separate and apart and cohabitation, the inference is that the word in that statute means sexual intercourse.

The remaining meaning of cohabitation, namely, living together as man and wife, involves many and varying sets of facts and circumstances. As distinguished from sexual intercourse merely it is that type of association which even an unmarried couple may have though that association may be criminal as a violation of § 18.2-345, the lewd and lascivious cohabitation statute, 1A M.J., *Adultery, Fornication and Lewdness*, § 11, or that portion of Section 18.2-362, the bigamy statute, involving cohabitation in this State. 10 Am. Jur. 2d, *Bigamy*, § 16.

While no precise delineation can be given to the concept of living together as husband and wife, it includes the idea of services rendered one to the other, mutual society and companionship, aid and comfort, protection and conjugal affection, many of which things are included within the term "consortium." Sexual intercourse is a usual, important, but not necessarily required, element of the concept.

Though the parties are residing together, it will require evidence to determine whether that residence together is or is not so separate as to preclude the existence of cohabitation.

The second point of the demurrer is sustained insofar as paragraphs 6 and 7 may be, and in part they are, in conflict regarding support. The demurrer is sustained as to its third point, that the cause is premature, with reference to the matter set forth in paragraph 7 as it

is my opinion that the Court cannot give prospective relief on the ground of threatened withdrawal of spousal support.