## CIRCUIT COURT OF FREDERICK COUNTY

Arkfeld

v.

Arkfeld

Case No. (Chancery) 89-237

BY JUDGE JAMES L. BERRY

April 9, 1990

On March 30, 1990, I sustained complainant's motion to strike defendant's prayer for divorce on the grounds of cruelty and constructive desertion contained in his cross-bill.

The Court must also now deny the wife's prayer for divorce from the husband on the ground of desertion. While it is the opinion of the Court that under the evidence apparent to her, the wife was fully justified in requiring the use of a condom by the husband as a prerequisite to sexual intercourse, it is the further opinion of the Court that the husband has advanced sufficient evidence of the deleterious effects of such requirement to bring his claim of justification within the ambit of the holdings of *Rowand v. Rowand,* 215 Va. 344 (1974); *Capps v. Capps,* 216 Va. 382 (1975); *Breschel v. Breschel,* 221 Va. 208 (1980); and *Brawand v. Brawand,* 1 Va. App. 305 (1986).

The Court has found no Virginia authority for granting a divorce to the parties on grounds of having "lived separate and apart without cohabitation and without interruption" where the parties have continued to reside under the same roof.

The Court is aware of *Jamison v. Jamison,* 3 Va. App. 644 (1987), and *Chandler v. Chandler,* 132 Va. 418 (1922), both of which are desertion cases, the ground of decision of which seems to the Court not to apply to the no fault ground for divorce.

I withhold my decision in this case to give [counsel] an opportunity to present authorities for granting a divorce under no fault grounds to parties

occupying the same roof. I will allow both counsel until April 20, 1990, to submit such memoranda or case citations as they deem appropriate.

## May 24, 1990

The Court is of the opinion that no ground for divorce exists in this case.

Mr. Arkfeld testified that following his "announcement of separation" on January 9, 1990, he continued to come to the farm on weekends. He testified that before that date he arrived at the farm Friday evening and left Monday morning but that after that date he arrived at the farm Saturday morning and left Sunday evening. Mr. Arkfeld brought his laundry "expecting to do it himself" but it was okay for Mrs. Arkfeld to do it, and according to the parties' daughter Mrs. Arkfeld did continue to do Mr. Arkfeld's laundry until the past few months, about Christmas time. According to both Mr. Arkfeld and the daughter, Mrs. Arkfeld continued to cook for the family and Mr. Arkfeld could dine with the family. She even prepared some meals exclusively for him. Every other week, Mr. Arkfeld took whomever was at the farm out to dinner, including Mrs. Arkfeld. The daughter characterized the situation as a change in attitudes more than any specific routine. Sexual intercourse was absent but that was nothing unusual in this relationship.

The cases of *Reel v. Reel*, 12 Va. Cir. 482 (1981), and *Moran v. Moran*, 12 Va. Cir. 340 (1988), are particularly instructive on the issue of what constitutes cohabitation.

The legislature has required that the parties live "separate and apart without any cohabitation and without interruption for one year." The evidence indicates otherwise.

The short response to counsel's last-ditch argument contained in his summation is that expediency is not a ground for divorce in Virginia.

This Court, therefore, has no jurisdiction to enter any order determining the equitable distribution of the property of the parties.

Although Virginia Code § 20-107.1 permits this Court to make such further decree as it shall deem expedient concerning the maintenance and support of spouses even upon decreeing that neither party is entitled to a divorce, the factors included for consideration under that section include "the provisions made with regard to the marital property under § 20-107.3." This Court being without jurisdiction to decide the equitable distribution of the parties' property, the maintenance and support deemed

expedient will also be deemed temporary in nature, subject to revision upon entry of a decree of equitable distribution.

Having fully considered the factors set out in Virginia Code § 20-107.1, this Court will award maintenance and support to the wife in the sum of $2665.00 per month payable monthly beginning April 1, 1990, allowing appropriate credit for sums paid since that date by the husband for support, utilities, and medical insurance for the wife.

The Court will further award reasonable attorney's fees to the wife or her counsel in the sum of $6750.00 to be paid 1/3 each on 30, 60, and 90 days after the entry of the decree herein.