COURT OF APPEALS OF VIRGINIA

Present:  Judges Willis, Fitzpatrick and Annunziata
Argued at Alexandria, Virginia


HENRY E. THOMAS, IV

MEMORANDUM OPINION* BY
v.          Record No. 1619-95-4     JUDGE JERE M. H. WILLIS, JR.
                                      NOVEMBER 26, 1996
MARIAN M. THOMAS

             FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
                          Donald H. Kent, Judge

            Robert B. Machen for appellant.

            David H. Fletcher (Martin A. Gannon; Gannon,
            Cottrell & Ward, P.C., on brief), for
            appellee.


     On appeal from a final decree granting his wife, Marian M.

Thomas, a divorce, Henry E. Thomas, IV contends that the trial

court erred (1) in granting the divorce on the ground of cruelty,

(2) in sanctioning him for his failure to comply with discovery

orders, (3) in awarding pendente lite and permanent spousal

support to Ms. Thomas, (4) in determining the equitable

distribution award, and (5) in awarding Ms. Thomas attorney's

fees.  We find no error and affirm the judgment of the trial

court.

     Mr. and Ms. Thomas were married on December 20, 1964.  They

have two sons, both of whom are emancipated.  Presently, Mr.

Thomas is unemployed and Ms. Thomas is employed by the Society

for the Prevention of Blindness.  Throughout the marriage, Mr.

_____
     *Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Thomas kept his money separate, paying only the mortgage, real estate taxes, insurance, and utilities for the marital residence. Ms. Thomas paid all other expenses. During the marriage, Mr. Thomas failed on numerous occasions to pay the expenses that he had accepted as his responsibility. In addition to her monetary contributions to the marriage, Ms. Thomas cared for the parties' children, maintained their home, including repairs and renovations, and supported her husband's career by entertaining his colleagues.

In November, 1993, Mr. Thomas left the marital home and never returned. During the preceding ten years, the parties had but one occasion of physical relationship. On that occasion, Mr. Thomas told his wife that he fantasized about being homosexual and that she was the only one who could "save" him. She later found a register from a bed and breakfast establishment that caters to homosexuals, revealing that husband had spent a weekend there with another man. She also found correspondence that he had received through a homosexual pen pal club, along with homosexual pornographic videos and paraphernalia.

On November 19, 1993, Ms. Thomas sued for divorce on grounds of cruelty and constructive desertion, alleging particularly Mr. Thomas' homosexuality. In his answer and in response to requests for admissions, Mr. Thomas admitted under oath his homosexuality. On February 9, 1994, the parties entered into a consent order and agreed that Ms. Thomas would have exclusive use and

possession of the marital home and that neither party would dissipate the marital estate.

At a February 16, 1994 pendente lite hearing, Ms. Thomas was awarded $800 per month spousal support and a $3,200 lump sum spousal support award to meet her personal needs. Mr. Thomas made no payment and on July 27, 1994, the trial court held him in civil contempt and entered judgment against him for the arrearage.

Prior to the final hearing on February 21, 1995, the trial court sanctioned Mr. Thomas in accordance with Rule 4:12 for failing to comply with discovery orders and failing to file property lists. As a result of these sanctions, he was precluded from claiming any personal property located in the marital residence and from introducing in support of his claims any documents not already produced.

On February 24, 1995, Mr. Thomas notified the trial court that he had filed for bankruptcy in Washington, D. C. This filing automatically stayed the divorce proceedings. On March 2, 1995, the stay was lifted until completion of the divorce proceedings.

On June 26, 1995, the trial court entered a final decree granting Ms. Thomas a divorce on the ground of cruelty. The decree awarded her (1) the jointly titled marital home, requiring her to pay a monetary award to Mr. Thomas equal to thirty percent of the property's equity, (2) one-half of Mr. Thomas's A. T.

Kearney Retirement Plan, (3) one-half of any pension he may receive through the United States Government as a result of military or civil service, (4) $800 per month in spousal support, (5) $66,326.39 in attorney's fees, and (6) judgment for the past-due pendente lite spousal support.  Items (5) and (6) were offset against Mr. Thomas' thirty percent equity in the marital residence.

## I.

## GROUND FOR DIVORCE

Mr. Thomas contends that the trial court erred in awarding Ms. Thomas a divorce on the ground of cruelty.  He argues that there was no evidence that his alleged homosexual activity amounted to cruelty and that Ms. Thomas condoned his homosexual behavior.  He also argues that Ms. Thomas did not specifically plead his homosexuality as a ground of fault.

"'Under familiar principles we view [the] evidence and all reasonable inferences in the light most favorable to the prevailing party below.  Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it.'"  Pommerenke v. Pommerenke, 7 Va. App. 241, 244, 372 S.E.2d 630, 631 (1988) (citation omitted).

The evidence established that Mr. Thomas admitted under oath that he was homosexual, that he spent at least one weekend with another man, that he received correspondence from homosexual men

through a homosexual pen pal club, and that he confessed his homosexuality to his children and colleagues. He assaulted Ms. Thomas during a confrontation over his homosexual conduct. The trial court did not err in allowing Ms. Thomas to produce this evidence because she specifically pleaded it in her bill of complaint for divorce. The trial court properly awarded Ms. Thomas a divorce on the ground of cruelty.

The trial court did not err in finding that Ms. Thomas had not condoned her husband's homosexuality. "Knowledge of the misconduct is necessary before condonation may occur." Hollis v. Hollis, 16 Va. App. 74, 77, 427 S.E.2d 233, 235 (1993). The evidence showed that at the time the parties had sexual relations, Ms. Thomas believed Mr. Thomas' homosexuality was a fantasy. When she discovered that it truly existed, she terminated marital relations.

## II.

### DISCOVERY

Mr. Thomas contends that the trial court erred in imposing sanctions against him pursuant to Rule 4:12 for failing to comply with the February 3, 1995 order requiring discovery and the filing of property lists. He argues that the February 3 order was not entered until February 21, and that the court erred in entering it on that date in violation of Rule 4:12(a), which requires reasonable notice to all parties for entry of an order compelling discovery.

We find no error with the trial court's entry of the February 3 discovery order on February 21.  Since February 14, 1994, when the first discovery order was entered, Mr. Thomas was aware that he was required to comply with court-ordered discovery requests.  He stated his intent to comply, but never did so.  His attempt to produce documents on February 21 was evidence of his knowledge that a discovery order was in existence and that compliance with discovery orders was mandatory.  However, his attempt to comply came too late.

Mr. Thomas also contends that the court-ordered sanctions were improper.  He argues that because the documents requested in the discovery order were in Ms. Thomas' possession until seven days prior to the equitable distribution hearing, the trial court erred in sanctioning him for noncompliance.  He further argues that the sanction precluding him from requesting any personal property located in the marital residence prevented proper equitable distribution of that property.

Mr. Thomas' argument that the documents requested were in Ms. Thomas' possession until just prior to the hearing lacks merit.  On December 21, 1994, Mr. Thomas requested from Ms. Thomas his personal papers located at their home.  She complied with his request and made the papers available, but not until two months later did he actually pick them up.  The documents requested by Ms. Thomas were not among those papers.  On the morning of the equitable distribution hearing, Mr. Thomas

attempted to produce some of the requested documents. Because he failed to comply with discovery, the trial court properly entered an order precluding him from producing in support of his claims any documents not already produced. Rule 4:12(b)(2)(B).

We find no error in the trial court's precluding Mr. Thomas from claiming any personal property located in the marital residence. On February 3, 1995, the court ordered the parties to exchange personal property lists. Ms. Thomas complied. Because Mr. Thomas had the opportunity to comply, but failed to, the trial court properly precluded him from claiming any personal property.

## III.

### EQUITABLE DISTRIBUTION

"Fashioning an equitable distribution award lies within the sound discretion of the trial judge and that award will not be set aside unless it is plainly wrong or without evidence to support it." Srinivasan v. Srinivasan, 10 Va. App. 728, 732, 396 S.E.2d 675, 678 (1990). We will not reverse an award, "[u]nless it appears from the record that the chancellor has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the finding of fact underlying his resolution of the conflict in the equities. . . ." Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

Mr. Thomas contends that the trial court erred in failing to

distribute the parties' personal property equitably and in failing to apply the statutory factors of Code § 20-107.3(E). We disagree.

Mr. Thomas was entitled to no personal property located in the marital residence because he failed to comply with the court-ordered property list requirement and was sanctioned accordingly. Therefore, the trial court did not err by awarding all personal property to Ms. Thomas.

In making the equitable distribution award of the parties' three marital assets, the marital residence, Mr. Thomas' A. T. Kearney Retirement Plan, and his government pension for both military and civil service, the trial court considered the factors set forth in Code § 20-107.3(E) and applied them to the facts. A trial court when considering the statutory factors of Code § 20-107.3(E) "is not required to quantify the weight given to each, nor is it required to weigh each factor equally, though its considerations must be supported by the evidence." Marion v. Marion, 11 Va. App. 659, 664, 401 S.E.2d 432, 436 (1991).

The parties' single largest marital asset was the marital residence valued at $520,000, subject to a $65,000 mortgage. The trial court found that Ms. Thomas made all the nonmonetary and many of the monetary contributions to the marital residence. While Mr. Thomas asserted that he assumed responsibility to pay the mortgage, real estate taxes, utilities and insurance, he lapsed in those duties on several occasions and paid nothing

since September, 1994.  Ms. Thomas saved the home from foreclosure and maintained it for the family.  The trial court stated expressly that it considered the statutory factors in making the equitable distribution award.  Mr. Thomas has not demonstrated that the trial court's findings of fact underlying its equitable distribution decision were clearly erroneous or an abuse of discretion.  Therefore, we find that the evidence supports the trial court's award of seventy percent of the equity of the marital residence to Ms. Thomas and thirty percent thereof to Mr. Thomas, and its requirement that he transfer his interest to Ms. Thomas upon receipt of his portion of the equity.

## IV.

### SPOUSAL SUPPORT

Mr. Thomas contends that the trial court erred (1) in awarding Ms. Thomas $800 a month and a $3,200 lump sum payment of pendente lite spousal support, (2) in failing to consider the factors of Code § 20-107.1 in making the pendente lite award, and (3) in holding him in civil contempt for failing to pay.  He argues that because he was unemployed and suffered from a mental illness, he was unable to pay the pendente lite support and should not have been held in contempt.  We disagree.

> Code § 20-103 states in pertinent part:
>     A.   In suits for divorce . . . the court
> having jurisdiction of the matter may, at any
> time pending a suit pursuant to this chapter,
> in the discretion of such court, make any
> order that may be proper (i) to compel a
> spouse to pay any sums necessary for the
> maintenance and support of the petitioning

                    spouse . . . (ii) to enable such spouse to
                    carry on the suit . . . .

See Kleinfield v. Veruki, 7 Va. App. 183, 190, 372 S.E.2d 407,
411 (1988).  We find no error in the trial court's award of
pendente lite spousal support to Ms. Thomas.  Her income was
insufficient to cover her living expenses and the mortgage and
real estate taxes on the marital residence.  She needed support.
 Although Mr. Thomas was not then working, he had the ability to
work and the obligation to pay Ms. Thomas spousal support
pursuant to Code § 20-103.  See Weizenbaum v. Weizenbaum, 12 Va.
App. 899, 904, 407 S.E.2d 37, 40 (1991).

     We find no error in the trial court's holding Mr. Thomas in
contempt for failing to pay the pendente lite spousal support.
"A trial court 'has the authority to hold [an] offending party in
contempt for acting in bad faith or for willful disobedience of
its order.'"  Alexander v. Alexander, 12 Va. App. 691, 696, 406
S.E.2d 666, 669 (1991) (citing Carswell v. Masterson, 224 Va.
329, 332, 295 S.E.2d 899, 901 (1982)).  The trial court found no
justification for Mr. Thomas not paying the pendente lite
support.  We cannot say that the trial court's finding that Mr.
Thomas willfully violated the order is plainly wrong or without
evidence to support it.  Therefore, the trial court did not err
in finding Mr. Thomas in civil contempt.

     Mr. Thomas next contends that the trial court abused its
discretion in awarding $800 per month spousal support to Ms.
Thomas without considering the factors in Code § 20-107.1.

Specifically, he argues that the trial court failed to consider his current earning capacity, his mental and physical health, the property interests of the parties, and the provisions made with regard to the marital property under Code § 20-107.3.  We disagree.

"The determination whether a spouse is entitled to support, and if so how much, is a matter within the discretion of the court and will not be disturbed on appeal unless it is clear that some injustice has been done."  Dukelow v. Dukelow, 2 Va. App. 21, 27, 341 S.E.2d 208, 211 (1986).  "In awarding spousal support, the chancellor must consider the relative needs and abilities of the parties.  He is guided by the nine factors that are set forth in Code § 20-107.1."  Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).  "When the court does not quantify or elaborate on what weight or consideration it has given each factor, we must examine the record to determine if the award is supported by evidence relevant to those factors."  Gibson v. Gibson, 5 Va. App. 426, 435, 364 S.E.2d 518, 523 (1988) (citing Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)).

It is clear from the record that the trial court considered the statutory factors before making the award of spousal support.  The trial court found that Mr. Thomas was capable of earning a substantial income based on his salary history and that Ms. Thomas needed support because she could not pay the mortgage,

insurance, and real estate taxes on the marital residence and her living expenses.  A trial court's discretion to order support may be based not only on actual earnings, but also on earning capacity.  See Brooks v. Brooks, 201 Va. 731, 113 S.E.2d 872 (1960).  The trial court considered Mr. Thomas' testimony regarding his alleged illness, the fact that he was not awarded any personal property, and the fact he was awarded a thirty percent equity in the marital residence.  The evidence established that for Ms. Thomas to maintain the marital residence and support herself, she needed spousal support.  The evidence supported the finding that Mr. Thomas was not mentally ill and was capable of working.

We find no merit in Mr. Thomas' argument that the trial court did not decide spousal support pursuant to Code § 20-107.1, but rather relied on the pendente lite award.  The trial court heard all the evidence and examined Ms. Thomas' monthly income and expense statement before ruling that "$800 per month [spousal support] is reasonable, based upon the needs of the complainant, and the earning capacity of the defendant."  Therefore, we will not disturb the spousal support award.

## V.

### ATTORNEY'S FEES

"An award of attorney's fees is a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion."  Graves v. Graves, 4 Va. App. 326,

- 12 -

333, 357 S.E.2d 554, 558 (1987).  "[T]he key to a proper award of counsel fees [is] to be reasonableness under all of the circumstances . . . ."  McGinnis v. McGinnis, 1 Va. App. 272, 277, 338 S.E.2d 159, 162 (1985).

The trial court specifically found the itemized list of Ms. Thomas' attorney's fees to be reasonable and necessary.  Based on Mr. Thomas' lack of cooperation with discovery, we cannot say the award was unreasonable or that the trial court abused its discretion in awarding Ms. Thomas $66,326.39 in attorney's fees.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.